IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:06-CR-0071-MEF |
| | ) | |
| BERNETTA WILLIS, a/k/a NETTIE, | ) | |
| HI-GIRL, LaSHAY | ) | |

## ORDER ON MOTION

At this morning's scheduled hearing by telephone on Defendant's *Motion for Mental Competency Examination* (Doc. 38, June 6, 2006), and the Government's *Response* (Doc. 39, June 6, 2006, the court ascertained that:

(a) defense counsel has agreed to accept a full-time teaching position, effective August 1, 2006, and thus must withdraw from defendant's representation;

(b) defense counsel has not undertaken to secure relevant records from defendant's social security disability file;

(c) defense counsel has a good-faith belief, based on his communications with defendant, that she may have a mental disorder which existed at the time of the offense indicted and continues to exist;

(d) the proposed medical evaluator, Dr. Theron Colvin, is a forensic psychologist with an office in Troy; while the costs and course of his out-patient evaluation for the defendant, a Montgomery resident, have not been secured, the costs are projected to be significantly lower than an in-patient evaluation in a federal facility; and

(e) by not objecting to the requested evaluation, the United States does not intend to waive its statutory right to secure an in-patient evaluation for defendant should she assert an incompetency defense; instead, the United States acknowledges only defense counsel's perceived need for prompt clarification on the question of competency, defendant's preference not to leave her Montgomery residence and children in her care for an in-patient evaluation.

After due consideration of these relevant facts, it is, for good cause, **ORDERED** that the **MOTION IS DENIED** to the extent of its request for approval of a "psychological evaluation [with]

Dr. Theron Covin and the costs therein, on an outpatient basis in coordination with U.S. Probation Officer", **WITHOUT PREJUDICE FOR RE-FILING by successor defense counsel, if warranted, AND SUBJECT TO THE FOLLOWING INSTRUCTIONS TO DEFENSE COUNSEL:**

1.  Prior to filing his *Motion to Withdraw*, defense counsel shall secure any and all records and reports from Defendant's social security disability case, or elsewhere, relating to her examination, diagnosis, or treatment, for any mental disease or defect or for any condition involving her mental competency either at the time of the offense indicted or at the present time.

2.  Prior to filing his *Motion to Withdraw*, defense counsel shall prepare for successor counsel a memorandum relating the basis for his concerns regarding defendant's competency, and both the memorandum and relevant records shall be made available to successor counsel promptly upon his appointment.

3.  Defense counsel shall secure the name of the CJA panel attorney identified by the Federal Defender as available for appointment as successor counsel and shall include that report in his *Motion to Withdraw.*

DONE this 16th day of June, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE