IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | CR. NO. 2:06cr0071-MEF |
| **BERNETTA WILLIS** a/k/a Nettie, Hi-Girl, LaShay | ) ) ) ) | |

**United States' Response to Defendant's Motion to Modify Conditions of Supervision**

Bernetta Willis's Motion to Modify Conditions of Supervision should be denied. In her Motion, Willis has provided no support to rebut the presumption that no condition will assure her appearance, the safety of others, and the safety of the community. Moreover, while on pretrial release, Willis has violated the very pretrial conditions that she would like to be released from. The United States had, until Willis's motion, refrained from requesting revocation of Willis's pretrial release out of consideration for the care of her numerous minor children.

The United States, however, cannot support Willis's request for modification of her home monitoring and believes no hearing is necessary to determine this issue. Nonetheless, should the Court deem a hearing necessary in this matter, then the United States would also request a revisiting of Willis's pretrial incarceration at that hearing.

As grounds to support its position, the United States submits the following:

## I. Background

On January 27, 2006, federal agents executed a warrant on Willis's residence in connection with alleged Hurricane Katrina FEMA fraud,[1] use of a gun in connection with a crime of violence,[2] and threatening a witness in a federal proceeding.[3] While executing the warrant, agents discovered and seized several items from Willis's residence including: two handguns, miscellaneous FEMA documents, $1,000 cash, and a blue duffel bag containing suspected marijuana. At least one of the hand guns was located in Willis's bedroom along with the marijuana, which had been individually packaged for distribution.

On the same day, agents also attempted serve an arrest warrant on Willis, solely in connection with the witness threatening charge. Willis, however, was not at her residence; she was later discovered was in Atlanta, having left her minor children at her house in Montgomery. Agents then attempted to telephonically contact Willis to ask what to do with her children and to inform her about the arrest warrant relating to the witness threatening incident. When the agents reached her on her cellular telephone, Willis admitted that she had pulled a gun on the witnesses during an argument.[4]

Based upon this and other information, the Grand Jury returned a six count Indictment against Willis, relating to FEMA fraud, use of a handgun in connection with a crime of

---

[1] Violating 18 U.S.C. § 641.

[2] Violating 18 U.S.C. § 924(c).

[3] Violating 18 U.S.C. § 1512(a)(2).

[4] Willis then promised agents that she would return to Montgomery, but did not, however, turn herself in until four days later.

violence, and threatening of a witness. Because results from the marajuana drug tests were not available at that time, the United States did not charge Willis with a second 924(c) count, or a drug distribution charge.[5]

At her detention hearing relating only to the witness threatening charge, Chief Magistrate Judge Coody ordered Willis to be confined on a home monitoring system. After Willis's Indictment was returned, the United States refrained revisiting the issue of detention, even though the burden had shifted to Willis, out of a consideration for her minor children's welfare. Since this time, however, the United States believes that Willis has engaged in questionable and illegal activity in direct violation of her pretrial release order. For example, on at least one occasion Willis admitted to plant drugs at another drug dealer's house.[6] No change in Willis's status is therefore appropriate.

## II. Argument

- **Willis Has Presented No Evidence Which Would Justify A Change in Her Confinement Status.**

Willis should, at a bare minimum, remain on home detention. Pretrial or home detention of a criminal defendant is appropriate when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In a case involving a charge of

---

[5] The United States has been informed that the drug test is now complete and came back positive. The United States plans on presenting a superceding indictment to the Grand Jury encompass these new charges.

[6] See Exhibit A, Report of Inspector David Dirmeyer; *see also infra* pp. 4-5.

a violation of 18 U.S.C. § 924(c), as is the case here, the Bail Reform Act establishes a rebuttable presumption that the defendant is both a flight risk and a threat to the community. *See id.* "This presumption imposes on a defendant the burden of production to come forward with evidence suggesting that [she] is neither a danger to the community nor a risk of flight." *United States v. Allen,* 891 F.Supp. 594, 597 (S.D. Fla. 1995). If the defendant fails to rebut either part of the statutory presumption (i.e., the risk of flight or danger to the community), pretrial detention is warranted. *See United States v. King*, 485, 488 (11th Cir. 1988).

In this case, Willis has offered no rational for the change in her detention status other than "care for her five minor children . . . has become impracticable" under the monitoring system. Moreover, not only has Willis provided no evidence to support a change of the status quo, but since Willis's placement on home detention, the United States believes that she has engaged in questionable and illegal activity in direct violation of her pretrial release order.

As further described in the attached Exhibit A, on July 13, 2006, Postal Inspectors Jim Tynan and David Dirmeyer went to 5331 Lola Lane in Montgomery to interview another possible suspect (not Willis) in relation to Hurricane Katrina FEMA fraud. Two of the residents at the Lola Lane, Curnel Gordon and Lakeyta Warner, however, stated that the suspect no longer lived there. Gordon and Warner, nevertheless, offered to try to contact that suspect.

During the course of Gordon and Warner's calls, telephonic contact was made with a person they identified as Bernetta Willis or "Nettie." Dirmeyer, who did not know of Willis's federal indictment, spoke with Willis at Willis's request. In the conversation, Willis

unsolicitedly accused others of committing FEMA fraud and further admitted that she recently had planted drugs in her mother's (Elois Curry) house. Then Willis told Dirmeyer that she called the Montgomery police and told them that drugs were in Curry's house.

At the request of the United States, on September 14, 2006, Dirmeyer contacted the Montgomery Narcotics Unit, who confirmed that they received a call from a Bernetta Willis, who identified herself as Eloise Curry's daughter. Willis told narcotics' detectives that Curry was selling drugs out of the Lola Lane address. Based on this information, a search warrant was obtained for Willis's house and controlled buy was executed. Curry is currently incarcerated on these drug charges.

These ground alone are sufficient for the revocation of Willis's pretrial release and by corollary to a request to modify home detention. *See, e.g.*, *United States v. Aldrich*, Case No. 04-3608-CR, 114 Fed.Appx. 19, 21, 2004 WL 2476473, at *1 (2d Cir. Nov. 4, 2004) (defendant's pretrial release revoked because he "had collected and was actively attempting to collect tens of thousands of dollars owed to [him] by a drug buyer."); *United States v. Martin*, Crim No. 1:06CR286 TCB, 2006 WL 2590888, *1 (N.D.Ga. Sept. 7, 2006) (defendant's pretrial release revoked because he "traded securities in an account in the name of his mother and step-father" in violation of a pretrial condition not to do so). Thus, there are no ground on which Willis's home detention should be modified. Should the Court, however, desire to hold a hearing on this matter, the United States would then request a revisiting the issue of Willis's pretrial incarceration at that hearing. *See* 18 U.S.C. §3148.

### III. Conclusion

Based upon the law and Willis's own behavior while on pretrial release, there are no grounds to justify Willis's requested modification. Further, Willis herself has providing none to shift her burden. As a result, Willis's motion should be denied without a hearing. Nonetheless, were the Court inclined to grant Willis a hearing on this issue, then the United States would also request that the Court revisit the issue of Willis's pretrial incarceration at that time.

Respectfully submitted this 18th day of September, 2006.

> LEURA G. CANARY
> UNITED STATES ATTORNEY
>
> /s/ Christopher Snyder
> CHRISTOPHER A. SNYDER
> Assistant United States Attorney
> One Court Square, Suite 201
> Montgomery, AL 36104
> Phone: (334)223-7280
> Fax: (334)223-7135
> E-mail: christopher.a.snyder@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Tim Halstrom.

> /s/ Christopher Snyder
> CHRISTOPHER A. SNYDER
> Assistant United States Attorney