IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
|     PLAINTIFF | * | |
| | * | |
| v. | * | CR. NO. 2:06-CR-0071-MEF |
| | * | |
| BERNETTA WILLIS, | * | |
|     DEFENDANT | * | |

### REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF SUPERVISION

Comes now defendant, Bernetta Willis, and for reply to the United States' Response to Defendant's Motion to Modify Conditions of Supervision states as follows:

The Government contends Defendant has "engaged in questionable and illegal activity in direct violation of her pretrial release order." In support of its contention, the Government alleges Defendant admitted "she had recently planted drugs in her mother's (Eloise Curry) house." *See Government's Response. Page 5*. The Government further states their agent (Dirmeyer) contacted the Montgomery Narcotics Unit, "who confirmed that they received a call from a Bernetta Willis" and based upon her information, a controlled buy was executed at the home of Eloise Curry and an arrest was made. The Government suggests their conversation with the Montgomery Narcotics Unit confirms that Defendant planted the drugs at her mother's house. The Government has simply misunderstood the facts surrounding the matter and has used them to object to Defendant's Motion.

On September 21, 2006, the undersigned counsel for Defendant contacted Officer Stillman of the Montgomery Narcotics Unit to discuss Defendant's involvement in the matter.

Officer Stillman stated that he did indeed receive a call from Bernetta Willis who informed him that she believed her mother, Eloise Curry, was selling "crack cocaine" from her house. Based on this tip, Officer Stillman set up a controlled buy at the residence. A confidential witness (CW) was sent to the residence to buy crack cocaine. When the CW knocked on the door, a youth answered and a transaction was made. The next day, a search warrant was executed wherein small amounts of crack cocaine were seized and Eloise Curry and her husband were arrested. Contrary to the affidavit of Agent Dirmeyer, the search did not detect any marijuana.[1]  Officer Stillman further stated that from his investigation the arrest was not the result of "planted drugs" but rather the result of a controlled buy resulting from the tip from Defendant.

Rather than engaging in questionable and illegal activity in direct violation of her pretrial release order as alleged by the Government, Defendant has cooperated with law enforcement officials in their apprehension of a drug dealer. It is inconceivable that the Government would attempt to use Defendant's assistance to law enforcement as grounds for objecting to Defendant's Motion to modify her release.

Prior to filing this pleading, the undersigned has submitted a copy of this reply to Officer Stillman who was given the opportunity to make whatever changes he believes to be consistent with the facts surrounding his investigation and arrest of Eloise Curry.

Wherefore the above matters considered, defendant prays this Court grant her motion and modify the terms of her release as supported by Pre-trial services.

Respectfully submitted this day, September 22, 2006.

---

[1] Agent Dirmeyer stated he heard Defendant admit to planting marijuana in her mother's home.

/s/Timothy C. Halstrom
Timothy C. Halstrom
Bar Number HAL021
Attorney for Defendant

Of Counsel:
Timothy C. Halstrom
Bar # HAL021
Attorney At Law
4170 Lomac Street
Montgomery, Alabama 36106
(334)272-6464
(334)244-7474 - fax
halstromtim@aol.com  - email

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 22, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the parties and their attorneys.

/s/Timothy C. Halstrom
Timothy C. Halstrom
Bar Number HAL021