IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CR. NO. 2:06cr0071-MEF |
| | [18 U.S.C. § 287 |
| BERNETTA LASHAY WILLIS | 18 U.S.C. § 371 |
| a/k/a "Nettie," "Hot Girl," | 18 U.S.C. § 641 |
| "Hottie," "Hi-Girl," "LaShay" | 18 U.S.C. § 924(c)(1)(A) |
| CRYSTAL DENISE PHILLIPS, | 18 U.S.C. § 924 |
| a/k/a "Bootie Boo" | 18 U.S.C. § 1512(a)(2)(A) |
| LAURA PHILLIPS, | 18 U.S.C. § 3147 |
| a/k/a "Goobe," and | 18 U.S.C. § 2 |
| LITASHA WASHINGTON, | 21 U.S.C. § 841(a)(1)] |
| a/k/a "Tasha." | |
| | **SUPERCEDING INDICTMENT** |

The Grand Jury charges:

## INTRODUCTION

At all times relevant to this Indictment:

1. The Federal Emergency Management Agency ("FEMA") is an agency of the United States Department of Homeland Security. FEMA's responsibilities include, among other things, providing disaster assistance to individuals in an area which have been declared a major disaster.

2. On August 29, 2005, Hurricane Katrina made landfall in the Gulf Coast Region of the United States. On that date, the President of the United States declared that a major disaster existed in portions of Alabama, Louisiana, and Mississippi. As a result

of that declaration, people in the affected areas were eligible to apply for disaster assistance from FEMA.

3. On September 24, 2005, Hurricane Rita made landfall near the Louisiana-Texas border. On that date, the President of the United States declared that a major disaster existed in portions of Louisiana and Texas. As a result of that declaration, people in the affected areas were eligible to apply for disaster assistance from FEMA.

4. Different forms of disaster assistance were made available by FEMA for those people located in the affected areas. Because many people were displaced by Hurricanes Katrina and Rita, FEMA provided a streamlined process for victims to receive expedited assistance in the form of a $2,000 disbursement. FEMA later provided rental assistance of up to $2,358, along with other forms monetary assistance to those who qualified. To obtain such assistance, a person could apply by calling a toll-free telephone number for FEMA, by sending an application over the Internet, or by applying in person. Each applicant for expedited assistance was asked to provide their name, social security number, current and pre-disaster addresses, and telephone numbers, among other things. If approved, an applicant could choose whether to receive their FEMA disaster assistance by a check that would be mailed to an address selected by the applicant or by a wire transfer that would be sent to a bank account selected by the applicant.

5. The only people entitled to receive disaster assistance from FEMA for Hurricanes Katrina or Rita were those people whose primary residence was located in one of the areas that was designated as being affected adversely by one of those declared

major disasters. At no time was any county in the Middle District of Alabama included in the areas of the country for which residence were eligible to obtain disaster assistance from FEMA for Hurricanes Katrina or Rita.

6. The defendants, Bernetta Lashay Willis, Crystal Denise Phillips, Laura Lee Phillips, and Litasha Washington each resided within the Middle District of Alabama. None lived in any of the areas of the country for which residents were eligible to obtain disaster assistance from FEMA for Hurricanes Katrina or Rita.

7. Additionally, each of the defendants are either blood relations or co-habitat with Willis: Laura Phillips is Willis's aunt; Crystal Phillips is Willis's cousin; and Washington is Willis's co-habitant.

## COUNT 1 – CONSPIRACY

8. The allegations contained in paragraphs 1 through 7 of this Indictment are hereby realleged and incorporated herein by reference.

## THE CONSPIRACY AND ITS OBJECTS

9. From on or about September 5, 2005, and continuing until on or about January 14, 2006, the exact days being unknown to the Grand Jury, in the Middle District of Alabama and elsewhere, the defendants,

**BERNETTA LASHAY WILLIS,
CRYSTAL DENISE PHILLIPS,
LAURA LEE PHILLIPS, and
LITASHA WASHINGTON,**

did combine, conspire, confederate, and agree among themselves and each other, and other persons both known and unknown to the Grand Jury, to make and present, and cause to be made and presented, to any department and agency of the United States any claim upon and against the United States, and agency thereof, knowing such claims to be false, fictitious, and fraudulent, contrary to Title 18, United States Code, Sections 287 and 2.

## MANNER AND MEANS OF THE CONSPIRACY

10. It was part of the conspiracy that Crystal Phillips, Laura Phillips, and Washington, along with other persons known and unknown to the Grand Jury, would, with the assistance of Willis, file false claims in order to defraud FEMA from funds intended for Hurricane Katrina victims and for which they were not entitled. Each of the false claims alleged damaged addresses came from the same street–Whitney Avenue in Harvey, Louisiana–on which an unindicted co-conspirator lived prior to Hurricane Katrina.

## OVERT ACTS

11. In order to effect the object of the conspiracy, Willis, Crystal Phillips, Laura Phillips, and Washington, along with other persons known and unknown to the Grand Jury, did a number of overt acts in the Middle District, including:

12. On or about September, 2005, the exact date being unknown to the Grand Jury, Crystal Phillips requested personal information from an unindicted co-conspirator for a fraudulent FEMA claim. Willis later filed that claim on behalf of the same

unindicted co-conspirator. That claim was filed using Whitney Avenue in Harvey, Louisiana as the damaged street address.

13. On or about September, 2005, the exact date being unknown to the Grand Jury, Willis and Crystal Phillips assisted an unindicted co-conspirator to create and provide false documents to support a false FEMA claim.

14. On or about September, 2005, the exact date being unknown to the Grand Jury, Willis provided Washington with a doctored lease agreement to support a false FEMA claim. Willis has previously provided a nearly identical lease agreement to justify a false claim to agents of the Department of Homeland Security. The lease was for an apartment complex on Whitney Avenue in Harvey, Louisiana.

16. On or about January 14, 2006, the exact date being unknown to the Grand Jury, Washington provided Willis a FEMA check in the amount $14,116.05 in Washington's name to be deposited into Willis's account. The check came from a FEMA claim which was filed using a Whitney Avenue, Harvey, Louisiana address as the damaged street address.

17. On or about September 18, 2005, Laura Phillips provided information to Willis so that Willis could file a false claim in her name. That claim was filed using a Whitney Avenue, Harvey, Louisiana as the damaged street address. Later, Willis and Laura Phillips traveled to a check cashing store, where Washington and Willis had previously cashed checks.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2–6 – THEFT OF GOVERNMENT PROPERTY

18. The allegations contained in paragraphs 1 through 17 of this Indictment are hereby realleged and incorporated herein by reference.

19. On or about September 9 and 15, 2005, respectively, Washington, caused to be filed with the Federal Emergency Management Agency ("FEMA"), an agency within the United States Department of Homeland Security, two separate applications for benefits in connection with Hurricane Katrina, one in the name of Litasha R. Washington; the other in the name Litasha L. Washington. The claims falsely represented that she had suffered losses to a property she rented as her primary residence on Whitney Avenue in Harvey, Louisiana. In fact, Washington resided with Willis in Montgomery, Alabama, did not reside in Louisiana and did not suffer the losses claimed. At least two of the claims were directly deposited into Willis's bank accounts.

20. On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama, and elsewhere, defendants

**BERNETTA LASHAY WILLIS, and
LITASHA WASHINGTON**

did, while aiding and abetting and while being aided and abetted by each other and other persons both known and unknown to the Grand Jury, embezzle, steal, purloin, and knowingly convert to their own use money and things of value of the United States and of a department and agency thereof, in an amount in excess of $1,000, as described below:

| COUNT | DATE | ITEM |
|---|---|---|
| 2 | 09/12/2005 | FEMA disaster assistance funds in the amount of $2,000. |
| 3 | 09/22/2005 | FEMA disaster assistance funds in the amount of $2,000. |
| 4 | 09/29/2005 | FEMA rental assistance funds in the amount of $2,358. |
| 5 | 09/30/2005 | FEMA rental assistance funds in the amount of $2,358. |
| 6 | 01/20/2006 | FEMA housing repair funds in the amount of $14,116.05. |

All in violation of Title 18, United States Code, Section 641.

## COUNTS 7-8 – FALSE CLAIMS

21. The allegations contained in paragraphs 1 through 20 of this Indictment are hereby realleged and incorporated herein by reference.

22. From, in or about September, 2005 through on or about December 19, 2005, in the Middle District of Alabama and elsewhere, the defendants,

**BERNETTA LASHAY WILLIS, and
CRYSTAL DENISE PHILLIPS,**

did, while aiding and abetting and while being aided and abetted by each other and other persons both known and unknown to the Grand Jury, cause to be made and presented, to any department and agency of the United States and an agency thereof, knowing the following claims on behalf of herself and others to be false, fictitious, and fraudulent:

| COUNT | DATE | ITEM |
|---|---|---|
| 7 | 9/24/2005 | Crystal Phillips's FEMA disaster assistance claim number 921401999, attempted to direct deposit into Willis's account |
| 8 | 09/16/2005 | FEMA disaster assistance funds in the amount of $2,000 on behalf of a co-conspirator. |

All in violation of Title 18, United States Code, Sections 287 and 2.

## COUNTS 9-10 – FALSE CLAIMS

23. The allegations contained in paragraphs 1 through 22 of this Indictment are hereby realleged and incorporated herein by reference.

24. From, in or about September, 2005 through on or about December 19, 2005, in the Middle District of Alabama and elsewhere, the defendant,

**CRYSTAL DENISE PHILLIPS,**

did, while aiding and abetting and while being aided and abetted by each other and other persons both known and unknown to the Grand Jury, cause to be made and presented, to any department and agency of the United States, and agency thereof, knowing the following claims, on behalf of herself, to be false, fictitious, and fraudulent:

| COUNT | DATE | ITEM |
|---|---|---|
| 9 | 09/24/2005 | FEMA disaster assistance claim number 931316156 |
| 10 | 10/02/2005 | FEMA disaster assistance claim number 931524204 |

All in violation of Title 18, United States Code, Sections 287 and 2.

-8-

## COUNT 11 – MAIL FRAUD

25. The allegations contained in paragraphs 1 through 24 of this Indictment are hereby realleged and incorporated herein by reference.

26. From in or about September 2005 through on or about December 19, 2005, in the Middle District of Alabama, and elsewhere, the defendant,

**CRYSTAL DENISE PHILLIPS,**

aiding and abetting and aided and abetted by others known and unknown to the grand jury, did devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, which scheme and artifice is described in substance below.

27. On or about September 21, 2005, Crystal Phillips caused to be filed with FEMA, an agency within the United States Department of Homeland Security, an application for benefits in connection with Hurricane Katrina (the "First Application"), which falsely represented that Crystal Phillips had suffered losses to a property she rented as her principal residence on Whitney Avenue in Harvey, Louisiana. In fact, Crystal Phillips did not reside in Louisiana and did not suffer the losses claimed.

28. On or about September 22, 2005, in response to the First Application, FEMA caused a United States Treasury check in the amount of $2000 (the "First Check") to be mailed to Crystal Phillips in Montgomery, Alabama.

29. On or about September 24, 2005, Crystal Phillips attempted unsuccessfully to cash the First Check at a check cashing store. The check cashing store retained the

identification that Crystal Phillips provided–a State of Alabama identification card–and turned it over to law enforcement authorities.

30. On or about September 25, 2005, Crystal Phillips caused to be filed with FEMA an application for benefits in connection with Hurricane Katrina (the "Second Application"), which falsely represented that Crystal Phillips had suffered losses to a property she rented as her principal residence on Whitney Avenue in Harvey, Louisiana. In fact, Crystal Phillips did not reside in Louisiana and did not suffer the losses claimed.

31. On or about September 30, 2005, Crystal Phillips applied for and obtained a replacement Alabama identification card.

32. On or about December 13, 2005, in response to the Second Application, FEMA caused a United States Treasury check in the amount of $2000 (the "Second Check") to be mailed to Crystal Phillips in Montgomery, Alabama.

33. On or about December 19, 2005, Crystal Phillips caused the Second Check to be cashed at a Wal Mart store in Prattville, Alabama.

34. On or about September 22, 2005, in Montgomery County, within the Middle District of Alabama, and elsewhere,

**CRYSTAL DENISE PHILLIPS,**

for the purpose of executing the above described scheme and artifice and attempting to do so knowingly and willfully placed and caused to be placed in a post office and authorized depository for mail, and took and received therefrom, a United States Treasury check

payable to "Crystal Phillip" in the amount of $2,000, mailed to Montgomery, Alabama, in violation of Title 18, United States Code, Sections 1341 and 2.

### COUNT 12 – MAIL FRAUD WHILE ON PRETRIAL RELEASE

35. The allegations set forth in paragraphs 1 through 34 this Indictment are hereby realleged as if set forth herein.

36. On or about November 15, 2005, an indictment was returned against Crystal Phillips in the United States District Court for the Middle District of Alabama, Case No. 2:05cr268-WHA, relating to the First Application.

37. On or about November 21, 2005, Crystal Phillips was released on a $25,000 unsecured appearance bond pursuant to the provisions of Title 18, United States Code, Chapter 207.

38. On or about December 13, 2005, in Montgomery County, within the Middle District of Alabama, and elsewhere,

**CRYSTAL DENISE PHILLIPS,**

while released on an unsecured appearance bond pursuant to the provisions of Title 18, United States Code, Chapter 207, for the purpose of executing the above described scheme and artifice and attempting to do so knowingly and willfully placed and caused to be placed in a post office and authorized depository for mail, and took and received therefrom, a United States Treasury check payable to "Crystal Phillips" in the amount of $2,000, mailed to Montgomery, Alabama, in violation of Title 18, United States Code, Sections 1341, 3147, and 2.

## COUNTS 13-14 – THEFT OF GOVERNMENT PROPERTY

39. The allegations contained in paragraphs 1 through 38 of this Indictment are hereby realleged and incorporated herein by reference.

40. On or about September 18, 2005, Laura Phillips and Willis caused to be filed with the FEMA, an agency within the United States Department of Homeland Security, an application for benefits in Laura Phillips's name in connection with Hurricane Katrina, which falsely represented that Laura Phillips had suffered losses to a property she rented as her primary residence on Whitney Avenue in Harvey, Louisiana. In fact, Laura Phillips did not reside in Louisiana and did not suffer the losses claimed.

40. FEMA accepted Laura Phillips's application and caused United States Treasury checks in the amount of $2,000 and $2,358, respectively, to be mailed to Laura Phillips in Montgomery, Alabama. Phillips received the checks and cashed them.

41. On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama, and elsewhere,

**BERNETTA LASHAY WILLIS, and
LAURA LEE PHILLIPS,**

did, while aiding and abetting and while being aided and abetted by each other and other persons both known and unknown to the Grand Jury, embezzle, steal, purloin, and knowingly convert to her own use money and things of value of the United States and of a department and agency thereof, in an amount in excess of $1,000, as described below:

| COUNT | DATE | ITEM |
|-------|------|------|
| 13 | September 19, 2005 | FEMA disaster assistance funds in the amount of $2,000. |
| 14 | September 28, 2005 | FEMA disaster assistance funds in the amount of $2,358. |

All in violation of Title 18, United States Code, Section 641 and 2.

## COUNTS 15–21 THEFT OF GOVERNMENT PROPERTY

42. The allegations contained in paragraphs 1 through 41 of this Indictment are hereby realleged and incorporated herein by reference.

43. On or about September 5, 2005, Willis, under the name Bernetta L. Willis, caused to be filed with FEMA, an agency within the United States Department of Homeland Security, an application for benefits in connection with Hurricane Katrina, which falsely represented that she had suffered losses to a property she rented as her primary residence on Whitney Avenue in Harvey, Louisiana. In fact, Willis did not reside in Louisiana and did not suffer the losses claimed.

44. On or about September 13, 2005, Willis, under the name Bernetta R. Willis, caused to be filed with FEMA a second application for benefits in connection with Hurricane Katrina. This application also falsely represented that she had suffered losses to a different property she rented as her primary residence on Whitney Avenue in Harvey, Louisiana. Again, Willis did not reside in Louisiana and did not suffer the losses claimed.

45. On or about September 21, 2005, Willis, under the name Beretta S. Willis, caused to be filed with FEMA a third application for benefits in connection with Hurricane Katrina. This application also falsely represented that she had suffered losses to a different property she rented as her primary residence on Whitney Avenue in Harvey, Louisiana. Again, Willis did not reside in Louisiana and did not suffer the losses claimed.

46. FEMA accepted Willis's three separate applications and caused five separate United States Treasury checks, three in the amount of $2,000 and two in the amount of $2,358, respectively, to be mailed to her in Montgomery, Alabama. Willis received all of the four checks and cashed each of them. The fifth was electronically transferred to her bank account at Southtrust Bank.

47. Moreover, on or about October 17, 2005, Willis cashed a FEMA disaster assistance check in the amount of $2,000, which was made out to her brother, Jacob Warner, and which was mailed to Willis's residence in Montgomery, Alabama. Willis deposited the check into her account at Southtrust Bank.

48. Finally, on or about September 25, 2005, Willis cashed a FEMA disaster assistance check in the amount of $2,000, which was made out to her brother's girlfriend, Ian Allen. Willis deposited the check into her account at Southtrust Bank.

49. On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama, and elsewhere, defendant

**BERNETTA WILLIS,**

did embezzle, steal, purloin, and knowingly convert to her own use money and things of value of the United States and of a department and agency thereof, in an amount in excess of $1,000, as described below:

| COUNT | DATE | ITEM |
|---|---|---|
| 15 | 09/12/2005 | FEMA disaster assistance funds in the amount of $2,000. |
| 16 | 09/29/2005 | FEMA disaster assistance funds in the amount of $2,358. |
| 17 | 09/19/2005 | FEMA disaster assistance funds in the amount of $2,000. |
| 18 | 09/30/2005 | FEMA disaster assistance funds in the amount of $2,358. |
| 19 | 09/23/2005 | Electronic deposit of FEMA disaster assistance funds in the amount of $2,000. |
| 20 | 09/25/2005 | FEMA disaster assistance funds in the amount of $2,000 made out to Ina Allen. |
| 21 | 10/17/2005 | FEMA disaster assistance funds in the amount of $2,000 made out to Jacob Warner. |

All in violation of Title 18, United States Code, Section 641.

## COUNT 22 – THREATENING OF A WITNESS

49. The allegations contained in paragraphs 1 through 48 of this Indictment are hereby realleged and incorporated herein by reference.

50. On or about January 23, 2006, in Montgomery County, within the Middle District of Alabama, and elsewhere, defendant

**BERNETTA WILLIS,**

did use physical force and the threat of physical force against Valarie Howard, and attempted to do so, with intent to influence, delay, and prevent Howard's testimony relating to alleged FEMA fraud in an official proceeding in violation of Title 18, United States Code, Section 1512(a)(2)(A).

## COUNT 23 – USE OF GUN DURING A CRIME OF VIOLENCE

51. The allegations contained in paragraphs 1 through 50 of this Indictment are hereby realleged and incorporated herein by reference.

52. On or about January 23, 2006, in Montgomery County, within the Middle District of Alabama, and elsewhere, defendant

**BERNETTA WILLIS,**

during and in relation to a crime of violence for which she may be prosecuted in a court of the United States, that is, threatening a witness as charged in Count 22 of the Indictment, did use and carry and, in furtherance of said crime, possess a firearm, and did brandish a firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii).

## COUNT 24 – DISTRIBUTION OF A CONTROLLED SUBSTANCE

53. The allegations contained in paragraphs 1 through 52 of this Indictment are hereby realleged and incorporated herein by reference.

54. From a date being unknown to the Grand Jury, and continuing through on or about January 27, 2006, in Montgomery County, Alabama, in the Middle District of Alabama, and elsewhere, defendant

**BERNETTA WILLIS,**

defendants herein, did knowingly and intentionally attempt to possess with intent to distribute marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 25 – POSSESSION OF A FIRARM IN RELATION TO DISTRIBUTION OF A CONTROLLED SUBSTANCE

55. The allegations contained in paragraphs 1 through 54 of this Indictment are hereby realleged and incorporated herein by reference.

56. From an unknown date and continuing up to on or about January 27, 2006, the exact dates being unknown to the Grand Jury, in Montgomery County, within the Middle District of Alabama,

**BERNETTA WILLIS,**

defendant herein, used and carried firearms during and in relation to and possessed firearms in furtherance of, a drug trafficking crime for which she may be prosecuted in a Court of the United States, to-wit: possess with intent to distribute marijuana as charged in Count 24 of this indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

A TRUE BILL:

*James Danny Williams* (signature)
Foreperson

*Christopher A. Snyder* (signature)

CHRISTOPHER A. SNYDER
Assistant United States Attorney