IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:06-CR-0071-MEF |
| | ) | |
| BERNETTA WILLIS | ) | |

## ORDER ON MOTION

After due consideration of all relevant testimony at the revocation hearing, the court concludes that the Petition, construed as a *Motion for Revocation of Pretrial Release Supervision* (Doc. 121, Nov. 21, 2006) is due to be granted, pursuant to the following findings.

1. There is clear and convincing evidence, as required by 18 U.S.C. § 3148(b)(1)(B), that the Defendant, Bernetta Willis ("Willis") has violated the followed-described Condition of Release ordered initially on March 1, 2006 (Doc. 17), and reaffirmed following her arraignment on October 18, 2006 (Doc. 81):

> *Condition 7(J)*: "*Avoid all contact with Valerie Howard and/or any individual related to the FEMA investigation.*"

Unrefuted evidence discloses that following her arrest on November 15, 2006, as a co-defendant with Willis on the October 11, 2006, Superseding Indictment related to the FEMA investigation, Litasha Washington ("Washington") reported to Sandra Wood, the probation officer investigating her potential for pretrial release, that she resided with Willis at the undisputed address of record for Willis, 3717 Princeton Road, in Montgomery. Officer Wood contacted Willis, who confirmed not only her willingness to have Washington at her residence but also the fact that Willis had been living with her all the time.

At the defendant's October 18, 2006, initial appearance and arraignment on the Superseding Indictment, the undersigned Magistrate Judge specifically named for Willis all her co-defendants and identified Litasha Washington as the only "fugivite" co-defendant. Testimony from Probation Officer Bernard Ross established his specific advice to Willis on October 26, 2006, that she should avoid contact with Washington, and report her whereabouts; testimony from Homeland Security Special Agent Edward Kleppinger confirms that in a visit to the Willis residence on November 2, 2006 – in response to tips that Washington resided there – he also emphasized to Willis the same warning. On November 17, 2006, U.S. Marshal J.C. Hamilton located Washington inside the Willis residence following (a) his receipt of a confidential informer's report just two days earlier that the two had been seen in each other's company and that Washington and Willis cohabited together in an intimate relationship; and (b) his surveillance of the residence for the automobile identified as one

driven regularly by Washington; and ( c ) his report from a male outside the Willis residence that Washington was then inside the residence.

2.   There is probable cause to believe, as required by 18 U.S.C. § 3148(b)(1)(A), that Willis has violated the followed-described Condition of Release ordered initially on March 1, 2006 (Doc. 17), and reaffirmed following her arraignment on October 18, 2006 (Doc. 81):

*Condition 1: "The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.*

The court consolidated the preliminary and revocation hearing in this case with a preliminary and detention hearing on the criminal complaint filed on November 17, 2006, in Case No. 2:06mj129.  The evidence (summarized in material part, *supra*) provided probable cause to believe that Willis has committed three federal crimes in violation of 18 U.S.C. §§ 3, 1071, and 1001, respectively.

3.   Probation Officer Ross has supervised Willis for several months since her pretrial release commenced on February 6, 2006, and has been responsible specifically for supervising her "electronic monitoring" and "curfew."  After due consideration of his testimony and recommendation for revocation, and based on the factors set forth in 18 U.S.C. § 3142(g), the court finds that there is no condition or combination of conditions of release that will assure that Willis will not flee or pose a danger to the safety of any other person or the community.  The court is also of the opinion that Willis is unlikely to abide by any such conditions if they could be fashioned with confidence.

**Accordingly, based upon the foregoing findings, it is the ORDERED that the *Motion for revocation of pretrial release supervision* (Doc. 121) is hereby GRANTED, and the defendant is remanded to the custody of the United States Marshal.**  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Done this 22nd day of November, 2006.

/s/ Delores R. Boyd
DELORES R.  BOYD
UNITED STATES MAGISTRATE JUDGE