## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CR. NO. 2:06cr0071-MEF** |
| ) | |
| **BERNETTA LASHAY WILLIS,** ) | |
| **a/k/a "Nettie," "Hot Girl,"** ) | |
| **"Hottie," "Hi-Girl," "LaShay."** ) | |
| ) | |

### Motion to Redact Indictment

The United States moves the Court for leave to redact the indictment in this case. In support, the United States submits the following:

1.     On December 13, 2006, a grand jury sitting for this district returned a thirty-one count indictment against Defendant Bernetta LaShay Willis and three other co-defendants. Since that time, three Willis's three co-defendants have pleaded guilty, most recently with Litasha Washington, who pleaded guilty only this past Wednesday.

2.     At least one of these co-defendants, Crystal Phillips, had separate charges, which did not relate to Willis,[1] and thus those counts should be redacted and renumbered. Additionally, other paragraphs and phrases of the indictment are no longer relevant to Willis because of pleas of the other co-defendants. As a result, the United States requests that the Court provide the jury with a redacted and renumbered indictment. A sample redacted indictment is attached as Exhibit A and a redlined version comparing the December 13, 2006

---

[1] *See* Counts 11 to 14 of the Second Superceding Indictment.

indictment as returned with the redacted indictment is attached as Exhibit B.

3.    Redaction of an indictment is permissible so long as the elements of the offense charged are fully and clearly set out in what remains.[2]  An indictment may not, however, be so severely redacted that any of the elements of the offense are expunged.[3]  In this case, the redactions are straightforward and will more clearly present the charges against Willis to the jury.

4.    Exhibit B essentially redacts the following: (1) the counts which only related to co-defendant Crystal Phillips, (2) an introductory paragraph, which related to claims involving Hurricane Rita (not at issue with Willis), and (3) where possible, names, overt acts and introductory sentences related to the other co-defendants in this case.  These redactions are similar to redactions in *United States v. Bissell*.[4]  In *Bissell*, the indictment charged forty-one defendants with numerous violations of federal narcotics laws. To make the case more manageable, the district court severed the case into three separate trials. The appellants' case was the second to be tried.  The district court then ordered the prosecutor to strike from the indictment allegations and information concerning co-defendants who appeared in separate trials or who had already pled guilty.  The Eleventh Circuit affirmed, noting the Supreme

---

[2] *United States v. Miller,* 471 U.S. 130, 136, 144-45 (1985) (citations omitted) (holding that "[a] part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as 'a useless averment' that 'may be ignored'" and that "[i]t is not unconstitutional for a defendant to be tried on a *narrower* theory of misconduct than that alleged in the indictment."); *United States v. Bissell,* 866 F.2d 1343, 1356 (11th Cir.1989).

[3] *United States v. Doherty,* 867 F.2d 47, 55 (1st Cir.1989).

[4] 866 F.2d 1343.

Court had expressly permitted such redactions.[5]

5.    Exhibit B also renumbers the remaining paragraphs and counts of the Indictment–a process that a variety of Eleventh Circuit cases have either approved of or not objected to.[6]

6.    Counsel for Defendant, Valarie Smedley has been contacted and advises that she would like additional time to consider her position on this issue.

Therefore, the United States respectfully requests that the Court redact the indictment in this case as provided in the attached Exhibits A and B.

Respectfully submitted this the 24th day of March, 2006.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney

---

[5] *Id.* at 1356-57

[6] *Id.*; *see also United States v. Hooshmand*, 931 F.2d 725, 730 (11th Cir. 1991) (renumbered counts from redacted indictment); *United States v. Alvarez-Moreno*, 874 F.2d 1402, 1407 (11th Cir. 1989) (same); *United States v. Caldwell* 776 F.2d 989, 992 (11th Cir. 1985) (same); *United Stats v. Griffin*, 699 F.2d 1102, 1104 (11th Cir. 1983) (same).

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 24, 2006, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, which will send notification of such

filing to the following: Valarie Smedley.

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney