IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. NO. 2:06cr0071-MEF<br>[18 U.S.C. § 371<br>18 U.S.C. § 641<br>18 U.S.C. § 2 |
| v. | 18 U.S.C. § 1028A<br>18 U.S.C. § 287 |
| BERNETTA LASHAY WILLIS,<br>a/k/a "Nettie," "Hot Girl,"<br>"Hottie," "Hi-Girl," "LaShay." | 18 U.S.C. § 1512(a)(2)(A)<br>18 U.S.C. § 924(c)(1)(A)<br>21 U.S.C. § 841(a)(1)<br>18 U.S.C. § 1001] |
| | **INDICTMENT** |

The Grand Jury charges:

## INTRODUCTION

At all times relevant to this Indictment:

1.     The Federal Emergency Management Agency ("FEMA") is an agency of the United States Department of Homeland Security.  FEMA's responsibilities include, among other things, providing disaster assistance to individuals in areas which have been declared a major disaster.

2.     On August 29, 2005, Hurricane Katrina made landfall in the Gulf Coast Region of the United States.  On that date, the President of the United States declared that a major disaster existed in portions of Alabama, Louisiana, and Mississippi.  As a result of that declaration, people in the affected areas were eligible to apply for disaster assistance from FEMA.

3.      Different forms of disaster assistance were made available by FEMA for those people located in the affected areas.  Because many people were displaced by Hurricane Katrina, FEMA provided a streamlined process for victims to receive expedited assistance in the form of a $2,000 disbursement.  FEMA later provided rental assistance of up to $2,358, along with other forms monetary assistance to those who qualified.

4.      To obtain such assistance, a person could apply by calling a toll-free telephone number for FEMA, by sending an application over the Internet, or by applying in person.  Each applicant for expedited assistance was asked to provide their name, social security number, current and pre-disaster addresses, and telephone numbers, among other things.  If approved, an applicant could choose whether to receive their FEMA disaster assistance by a check that would be mailed to an address selected by the applicant or by a wire transfer that would be sent to a bank account selected by the applicant.

5.      The only people entitled to receive disaster assistance from FEMA for Hurricane Katrina were those people whose primary residence was located in one of the areas that was designated as being affected adversely by one of those declared major disasters.  At no time was any county in the Middle District of Alabama included in the areas of the country for which residents were eligible to obtain disaster assistance from FEMA for Hurricane Katrina.

6.      The defendant, Bernetta Lashay Willis resided within the Middle District of Alabama.  She did not live in any of the areas of the country for which residents were eligible to obtain disaster assistance from FEMA for Hurricane Katrina.

## COUNT 1 – CONSPIRACY

7.    The allegations contained in paragraphs 1 through 6 of this Indictment are hereby realleged and incorporated herein by reference.

## THE CONSPIRACY AND ITS OBJECTS

8.    From on or about September 5, 2005, and continuing until on or about January 20, 2006, the exact days being unknown to the Grand Jury, in the Middle District of Alabama and elsewhere, the defendant,

## BERNETTA LASHAY WILLIS,

did combine, conspire, confederate, and agree with other persons both known and unknown to the Grand Jury, to make and present, and cause to be made and presented, to a department and agency of the United States, claims upon and against the United States, and agency thereof, knowing such claims to be false, fictitious, and fraudulent, contrary to Title 18, United States Code, Sections 287 and 2.

## MANNER AND MEANS OF THE CONSPIRACY

9.    It was part of the conspiracy that other persons known and unknown to the Grand Jury, would, with the assistance of Willis, file false claims in order to defraud FEMA from funds intended for Hurricane Katrina victims and for which they were not entitled.  Nearly all of the addresses claimed came from the same street–Whitney Avenue in Harvey, Louisiana–on which an unindicted co-conspirator lived prior to Hurricane Katrina.  In applying for aid, the defendant would often use the social security numbers of others or non-existent social security numbers.

-3-

## OVERT ACTS

10.     In order to effect the object of the conspiracy, Willis, along with other persons known and unknown to the Grand Jury, did a number of overt acts in the Middle District, including:

11.     On or about September, 2005, the exact date being unknown to the Grand Jury, Willis assisted an unindicted co-conspirator to create and provide false documents to support a false FEMA claim.

12.     On or about September, 2005, the exact date being unknown to the Grand Jury, Willis provided Litasha Washington with a doctored lease agreement to support a false FEMA claim.  Willis previously provided a nearly identical lease agreement to justify a false claim to agents of the Department of Homeland Security.  The lease was for an apartment complex on Whitney Avenue in Harvey, Louisiana.

13.     On or about January 14, 2006, the exact date being unknown to the Grand Jury, Washington provided Willis a FEMA check in the amount $14,116.05 in Washington's name to be deposited into Willis's account. The check came from a FEMA claim which was filed using a Whitney Avenue, Harvey, Louisiana address as the damaged street address.

14.     On or about September 18, 2005, Laura Phillips provided information to Willis so that Willis could file a false claim in Laura Phillips's name. That claim was filed using a Whitney Avenue, Harvey, Louisiana as the damaged street address and city.

Later, Willis and Laura Phillips traveled to a check cashing store, where Washington and Willis had previously cashed checks.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2–6 – THEFT OF GOVERNMENT PROPERTY

15.    The allegations contained in paragraphs 1 through 14 of this Indictment are hereby realleged and incorporated herein by reference.

16.    On or about September 9 and 15, 2005, respectively, Washington, caused to be filed with the Federal Emergency Management Agency ("FEMA"), an agency within the United States Department of Homeland Security, two separate applications for benefits in connection with Hurricane Katrina, one in the name of Litasha R. Washington; the other in the name Litasha L. Washington.  The claims falsely represented that Washington had suffered losses to a property she rented as her primary residence on Whitney Avenue in Harvey, Louisiana.  In fact, Washington resided with Willis in Montgomery, Alabama, did not reside in Louisiana, and did not suffer the losses claimed. At least two of the claims were directly deposited into Willis's bank accounts.

17.    On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama, and elsewhere, defendants,

### BERNETTA LASHAY WILLIS,

did, while being aided and abetted by other persons both known and unknown to the Grand Jury, embezzle, steal, purloin, and knowingly convert to their own use money and

things of value of the United States and of a department and agency thereof, in an amount in excess of $1,000, as described below:

| COUNT | DATE | ITEM |
|---|---|---|
| 2 | 09/12/2005 | FEMA disaster assistance funds in the amount of $2,000. |
| 3 | 09/22/2005 | FEMA disaster assistance funds in the amount of $2,000. |
| 4 | 09/29/2005 | FEMA rental assistance funds in the amount of $2,358. |
| 5 | 09/30/2005 | FEMA rental assistance funds in the amount of $2,358. |
| 6 | 01/20/2006 | FEMA housing repair funds in the amount of $14,116.05. |

All in violation of Title 18, United States Code, Section 641.

## COUNT 7 – AGGRAVATED IDENTITY THEFT

18.     The allegations contained in paragraphs 1 through 17 of this Indictment are hereby realleged and incorporated herein by reference.

19.     On or about September 9, 2005, continuing through on or about January 20, 2006, in the Middle District of Alabama and elsewhere,

**BERNETTA LASHAY WILLIS,**

did, while aiding and abetting and while being aided and abetted by other persons both known and unknown to the Grand Jury, knowingly possessed and used, without lawful authority, a means of identification of another person, that is, a social security account number ending in the numbers 5232.

All in violation of Title 18, United States Code, Sections 1028(a)(1) and 2.

## COUNTS 8-9 – FALSE CLAIMS

20.     The allegations contained in paragraphs 1 through 19 of this Indictment are hereby realleged and incorporated herein by reference.

21.     From, in or about September, 2005 through on or about December 19, 2005, in the Middle District of Alabama and elsewhere, the defendant,

### BERNETTA LASHAY WILLIS,

did, while aiding and abetting and while being aided and abetted by other persons both known and unknown to the Grand Jury, make and present, and cause to be made and presented, to a department and agency of the United States, the following claims upon and against the United States, and agency thereof, knowing such claims to be false, fictitious, and fraudulent:

| COUNT | DATE | ITEM |
|-------|------|------|
| 8 | 09/24/2005 | Crystal Phillips's FEMA disaster assistance claim number 921401999, which was attempted to be direct deposited into Willis's account |
| 9 | 09/16/2005 | FEMA disaster assistance funds in the amount of $2,000 on behalf of a co-conspirator. |

All in violation of Title 18, United States Code, Sections 287 and 2.

## COUNT 10 – AGGRAVATED IDENTITY THEFT

22.     The allegations contained in paragraphs 1 through 21 of this Indictment are hereby realleged and incorporated herein by reference.

23.     In or about September, 2005, in the Middle District of Alabama and elsewhere, the defendant,

**BERNETTA LASHAY WILLIS,**

did, while aiding and abetting and while being aided and abetted by other persons both known and unknown to the Grand Jury, knowingly possess and use, without lawful authority, a means of identification of another person, that is, a social security account number ending in the numbers 9120.

All in violation of 18 United States Code, Sections 1028(a)(1) and 2.

## COUNTS 11-12 – THEFT OF GOVERNMENT PROPERTY

24.     The allegations contained in paragraphs 1 through 23 of this Indictment are hereby realleged and incorporated herein by reference.

25.     On or about September 18, 2005, Laura Phillips and Willis caused to be filed with the FEMA, an agency within the United States Department of Homeland Security, an application for benefits in Laura Phillips's name in connection with Hurricane Katrina, which falsely represented that Laura Phillips had suffered losses to a property she rented as her primary residence on Whitney Avenue in Harvey, Louisiana.

26.    FEMA accepted Laura Phillips's application and caused United States Treasury checks in the amount of $2,000 and $2,358, respectively, to be mailed to Laura Phillips in Montgomery, Alabama.

27.    On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama, and elsewhere,

**BERNETTA LASHAY WILLIS,**

did, while aiding and abetting and while being aided and abetted by other persons both known and unknown to the Grand Jury, embezzle, steal, purloin, and knowingly convert to her own use money and things of value of the United States and of a department and agency thereof, in an amount in excess of $1,000, as described below:

| COUNT | DATE | ITEM |
|-------|------|------|
| 11 | September 19, 2005 | FEMA disaster assistance funds in the amount of $2,000. |
| 12 | September 28, 2005 | FEMA disaster assistance funds in the amount of $2,358. |

All in violation of Title 18, United States Code, Section 641 and 2.

## COUNT 13 – AGGRAVATED IDENTITY THEFT

28.    The allegations contained in paragraphs 1 through 27 of this Indictment are hereby realleged and incorporated herein by reference.

29.    In or about September 18, 2005 through on or about September 28, 2005, in the Middle District of Alabama and elsewhere, the defendant,

**BERNETTA LASHAY WILLIS,**

did, while aiding and abetting and while being aided and abetted by other persons both

known and unknown to the Grand Jury, knowingly possess and use, without lawful

authority, a means of identification of another person, that is, a social security account

number ending in the numbers 2652.

All in violation of Title 18 United States Code, Sections 1028(a)(1) and 2.

### COUNTS 14-19 – THEFT OF GOVERNMENT PROPERTY

30.     The allegations contained in paragraphs 1 through 29 of this Indictment are

hereby realleged and incorporated herein by reference.

31.     On or about September 5, 2005, Willis, under the name Bernetta L. Willis,

caused to be filed with FEMA, an agency within the United States Department of

Homeland Security, an application for benefits in connection with Hurricane Katrina,

which falsely represented that she had suffered losses to a property she rented as her

primary residence on Whitney Avenue in Harvey, Louisiana.  In fact, Willis did not

reside in Louisiana and did not suffer the losses claimed.

32.     On or about September 13, 2005, Willis, under the name Bernetta R. Willis,

caused to be filed with FEMA a second application for benefits in connection with

Hurricane Katrina.  This application also falsely represented that she had suffered losses

to a different property she rented as her primary residence on Whitney Avenue in Harvey,

Louisiana.  Again, Willis did not reside in Louisiana and did not suffer the losses claimed.

33.     On or about September 21, 2005, Willis, under the name Beretta S. Willis,

caused to be filed with FEMA a third application for benefits in connection with

Hurricane Katrina. This application also falsely represented that she had suffered losses to a different property she rented as her primary residence on Whitney Avenue in Harvey, Louisiana. Again, Willis did not reside in Louisiana and did not suffer the losses claimed.

34.    FEMA accepted Willis's three separate applications and caused separate United States Treasury checks, three in the amount of $2,000 and two in the amount of $2,358, respectively, to be mailed to her in Montgomery, Alabama. Willis received four checks and cashed each of them.

35.    Moreover, on or about October 17, 2005, Willis cashed a FEMA disaster assistance check in the amount of $2,000, which was made out to her brother, Jacob Warner, and which was mailed to Willis's residence in Montgomery, Alabama. Willis deposited the check into her account at Southtrust Bank.

36.    Finally, on or about September 25, 2005, Willis cashed a FEMA disaster assistance check in the amount of $2,000, which was made out to her brother's girlfriend, Ian Allen. Willis deposited the check into her account at Southtrust Bank.

37.    On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama, and elsewhere, defendant

**BERNETTA LASHAY WILLIS**,

did embezzle, steal, purloin, and knowingly convert to her own use money and things of value of the United States and of a department and agency thereof, in an amount in excess of $1,000, as described below:

| COUNT | DATE | ITEM |
|-------|------|------|
| 14 | 09/12/2005 | FEMA disaster assistance funds in the amount of $2,000. |
| 15 | 09/29/2005 | FEMA disaster assistance funds in the amount of $2,358. |
| 16 | 09/19/2005 | FEMA disaster assistance funds in the amount of $2,000. |
| 17 | 09/30/2005 | FEMA disaster assistance funds in the amount of $2,358. |
| 18 | 09/25/2005 | FEMA disaster assistance funds in the amount of $2,000 made out to Ina Allen. |
| 19 | 10/17/2005 | FEMA disaster assistance funds in the amount of $2,000 made out to Jacob Warner. |

All in violation of Title 18, United States Code, Section 641.

## **COUNTS 20-21 – AGGRAVATED IDENTITY THEFT**

38.     The allegations contained in paragraphs 1 through 37 of this Indictment are hereby realleged and incorporated herein by reference.

39.     In or about September 5, 2005 through on or about October 17, 2005, in the Middle District of Alabama and elsewhere, the defendant,

**BERNETTA LASHAY WILLIS,**

did, while aiding and abetting and while being aided and abetted by other persons both known and unknown to the Grand Jury, knowingly possess and use, without lawful

authority, a means of identification of another person, that is the following social security account numbers:

| COUNT | DATE | LAST FOUR DIGITS OF SOCIAL SECURITY NO. |
|---|---|---|
| 20 | September 13, 2005 | 5677 |
| 21 | September 25, 2005 | 9222 |

All in violation of Title 18 United States Code, Sections 1028(a)(1).

## COUNT 22 – THREATENING OF A WITNESS

40.     The allegations contained in paragraphs 1 through 39 of this Indictment are hereby realleged and incorporated herein by reference.

41.     On or about January 23, 2006, in Montgomery County, within the Middle District of Alabama, and elsewhere, defendant

### BERNETTA LASHAY WILLIS,

did use physical force and the threat of physical force against Valarie Howard, and attempted to do so, with intent to influence, delay, and prevent Howard's testimony relating to alleged FEMA fraud in  an  official  proceeding  in  violation  of Title 18, United States  Code,  Section 1512(a)(2)(A).

## COUNT 23 – USE OF GUN DURING A CRIME OF VIOLENCE

42.     The allegations contained in paragraphs 1 through 41 of this Indictment are hereby realleged and incorporated herein by reference.

43.     On or about January 23, 2006, in Montgomery County, within the Middle District of Alabama, and elsewhere, defendant

**BERNETTA LASHAY WILLIS**,

during and in relation to a crime of violence for which she may be prosecuted in a court of the United States, that is, threatening a witness as charged in Count 22 of the Indictment, did use and carry and, in furtherance of said crime, possess a firearm, and did brandish a firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii).

## COUNT 24 –DISTRIBUTION OF A CONTROLLED SUBSTANCE

44.     The allegations contained in paragraphs 1 through 43 of this Indictment are hereby realleged and incorporated herein by reference.

45.     From a date being unknown to the Grand Jury, and continuing through on or about January 27, 2006, in Montgomery County, Alabama, in the Middle District of Alabama, and elsewhere, defendant,

**BERNETTA LASHAY WILLIS**,

did knowingly and intentionally attempt to possess with intent to distribute marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 25 – POSSESSION OF A FIRARM
## IN RELATION TO DISTRIBUTION OF A CONTROLLED SUBSTANCE

46.     The allegations contained in paragraphs 1 through 45 of this Indictment are hereby realleged and incorporated herein by reference.

47.    From an unknown date and continuing up to on or about January 27, 2006, the exact dates being unknown to the Grand Jury, in Montgomery County, within the Middle District of Alabama,

**BERNETTA LASHAY WILLIS**,

defendant herein, used and carried firearms during and in relation to and possessed firearms in furtherance of, a drug trafficking crime for which she may be prosecuted in a Court of the United States, to-wit:  possession with intent to distribute marijuana as charged in Count 24 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 26 – FALSE STATEMENTS

48.    The allegations contained in paragraphs 1 through 49 of this Indictment are hereby realleged and incorporated herein by reference.

49.    On or about November 15, 2006, in the Middle District of Alabama and elsewhere, defendant,

**BERNETTA LASHAY WILLIS,**

did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the United States Marshals, a component of the Department of Justice, an agency within the executive branch of the United States, in that the defendant, in response to questions posed to her by Deputy United States Marshals, repeatedly stated falsely that her co-defendant Litasha

Washington was not in her residence.  In fact, as Willis well knew, Washington was hiding in the shower of the master bedroom of Willis's house.

All in violation of Title 18, United States Code, Section 1001(a)(2).