IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | CR. NO. 2:06cr0071-MEF |
| ) | |
| **BERNETTA LASHAY WILLIS,** ) | |
| a/k/a "Nettie," "Hot Girl," ) | |
| "Hottie," "Hi-Girl," "LaShay." ) | |
| ) | |

**Motion for Leave to Amend Typographical Error in Indictment**

The United States moves the Court for leave to amend three minor typographical errors in the indictment in this case. In support, the United States submits the following:

1. On December 13, 2006, a grand jury sitting for this district returned a thirty-one count indictment against Defendant Bernetta LaShay Willis and three other co-defendants. In drafting the indictment, the United States inadvertently committed three typographical errors. First, in the last sentence of paragraph 5, the Indictment erroneously states that "At no time was any county in the Middle District of Alabama included in the areas of the country for which **residence** were eligible to obtain disaster assistance from FEMA for Hurricanes Katrina or Rita," when it should have stated "for which **residents** were eligible."

2. Second, in paragraph 58 in the heading of chart that recites the social security numbers used, the Indictment erroneously reads "Last **For** Digits of Social Security No." when it should read "Last **Four** Digits." Finally, in Count 26 of the same paragraph, the date

erroneous states the wrong year; that is it says "September 25, **2006**," instead of "September 25, **2005**."

3.    The United States acknowledges that a substantive amendment to an indictment after it has been returned by a grand jury is reversible error.[1] If the amendment, however, is merely to correct a clerical error, the amendment is permissible.[2] Because, the two misspellings are not substantive or prejudicial, the amendment of the Indictment to reflect the changes are permissible.[3]

4.    Moreover, the change of the date is permissible. In *Russell v. United States*,[4] for example, the indictment as returned by the grand jury in that case alleged that the offense occurred "on or about February 19, 1967." On the morning the trial commenced, and after the jury had been empaneled, the Assistant United States Attorney notified the court that the date alleged in the indictment was a typographical error–the correct date being February 19, 1966. The district court allowed the change and denied the defendant's motion to dismiss the

---

[1] *See generally, Stirone v. United States*, 361 U.S. 212 (1960) (amendment to indictment violates the 5th Amendment Grand Jury Clause).

[2] *United States v. Diaz*, 190 F.3d 1247 (11th Cir. 1999) (no impermissible amendment of indictment when merely to correct nonprejudicial typographical error).

[3] *United States v. Janoe*, 720 F.2d 1156, 1160 (10th Cir. 1983) (holding that change of the designation of the federal insuring agency from the FDIC to the FSLIC was permissible and noting that "[t]o prohibit the subsequent correction of the misidentification of the federal insuring agency would "make a fetish of the prohibition against amendment of an indictment."); *United States v. Bush*, 659 F.2d 163 (D.C.Cir.1981) (change in number of form that defendant was charged with altering); *United States v. Neff*, 525 F.2d 361, 363 (8th Cir.1975) (change in weapon serial number); *United States v. Skelley*, 501 F.2d 447, 451-54 (7th Cir. 1974) (change in serial numbers of counterfeit bills); *United States v. Fruchtman*, 421 F.2d 1019, 1021 (6th Cir.1970) (change in citation of statute).

[4] 429 F.2d 237, 238 (5th Cir 1970).

indictment.

5.      On appeal, the old Fifth Circuit affirmed. The Court of Appeals noted that "[i]t seems well settled that an allegation as to the time of the offense is not an essential element of the offense charged in the indictment and, 'within reasonable limits, proof of any date before the return of the indictment and within the statute of limitations is sufficient.'"[5] Therefore, the Court should likewise permit the proposed change of the date in paragraph 58 of this indictment.

6.      Counsel for Defendant, Valarie Smedley has been contacted and advises that she would like additional time to consider her position on this issue.

Therefore, the United States respectfully requests leave to amend the indictment to correct these three typographical errors. The proposed changes are incorporated in exhibits A and B of the Government's concurrently filed Motion to Redact Indictment, DE #214.

Respectfully submitted this the 24th day of March, 2006.

                                        LEURA GARRETT CANARY
                                        UNITED STATES ATTORNEY

                                        /s/ Christopher Snyder
                                        CHRISTOPHER A. SNYDER
                                        Assistant United States Attorney

---

[5] *Id.* (citations omitted); *see also United States v. Roberts*, 308 F.3d 1147, 1156 (11th Cir. 2002) (change in date of offense); *United States v. Cina*, 699 F.2d 853, 856-60 (7th Cir.1983) (same); *United States v. Nicosia*, 638 F.2d 970, 976 (7th Cir.1980) (change in date of witness's testimony); *Jervis v. Hall*, 622 F.2d 19, 22-23 (1st Cir.1980) (change in date of offense); *United States v. Powell*, 564 F.2d 256, 259 (8th Cir.1977) (same); *United States v. Akers*, 542 F.2d 770, 772 (9th Cir.1976) (per curiam) (same); *United States v. Gammill*, 421 F.2d 185 (10th Cir.1970) (same).

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Valarie Smedley.

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney