IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06-cr-00071-MHT-SMD |
| | ) | |
| BERNETTA LASHAY WILLIS | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO REDUCE
SENTENCE UNDER THE FIRST STEP ACT OF 2018**

**COMES NOW** the United States of America, by and through Louis V. Franklin, Sr.,

United States Attorney for the Middle District of Alabama, and undersigned counsel, hereby

responds in opposition to the defendant's motion for imposition of a reduced sentence pursuant

to the First Step Act (Doc. 373) as the statute does not authorize consideration of a reduction in

this case.

## I. Factual Background

The Government adopts the relevant facts underlying Willis's sentencing as set forth in

the Presentence Report ("PSR") and Addendum. Gov't Ex. A (SEALED).

## II. Claim Raised in the Motion

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("the Act"), was signed

into law on December 21, 2018. The Act implements certain reforms to the criminal justice

system. Among other reforms, "404 of The Act, retroactively applies certain sentencing reform

provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA").

Specifically, the First Step Act retroactively applies the reduced statutory penalties in the FSA

for cocaine base ("crack" cocaine) offenses charged under 21 U.S.C. § 841(b)(1)(A) or §

(b)(1)(B) to "covered offenses" committed before August 3, 2010. Willis requests relief under this provision for the "ghost dope she was charged with." Doc. 373.

### III.    Analysis

**A. Background**

On March 26, 2007, after a five-day jury trial, Bernetta Willis was found guilty of the following offenses: (1) conspiracy to commit FEMA fraud, in violation of Title 18, United States Code, Section 371; (2) 13 counts of theft of government property, in violation of Title 18, United States Code, Section 641;   (3) one count of aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1); (4) two counts of filing false claims with FEMA, in violation of Title 18, United States Code, Section 287; (5) one count of threatening a witness in an official proceeding, in violation of Title 18, United States Code, Section 1512(a)(2)(A); (6) one count of using a gun during a crime of violence, that crime being threatening a witness in an official proceeding by brandishing a firearm, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); (7) one count of distributing marijuana, in violation of Title 21, United States Code, Section 841; (8) one count of possessing a firearm in relation to distribution of a controlled substance, in violation of Title 18, United States Code, Section 924(c)(1)(C)(i); and (8) one count of making false statements to Deputy United States Marshals, in violation of Title 18, United States Code, Section 1001(a)(2). Doc. 286. On January 9, 2008, Willis was sentenced by former United States District Judge Mark E. Fuller to 516 months in prison. *Id.* at 3. That sentence consisted of 108 months in prison on counts one through six, eight, nine, 15, 16, 18 through 21, 23, 24, 27, 29, and 31, the sentence on those counts to be served concurrently, to be followed by a consecutive sentence of 34 years on counts 25 (two years), 28 (seven years), and 30 (25 years). Id.

**B. Defendant's Motion**

The only count of conviction to which the Act might arguably apply is Count 29—distributing marijuana in violation of Title 21, United States Code, Section 841. Because Willis had also been selling crack cocaine, for sentencing purposes the crack cocaine she was found to be responsible for was converted to its marijuana equivalency. Gov't Ex. A at 13.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant is eligible for a sentence reduction if: (1) the defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Lyons*, 335 F. App'x. 901, 902 (11th Cir. 2009) (internal citations and quotation omitted). To satisfy the second requirement, a guidelines amendment must have the effect of lowering the defendant's applicable guideline range. *Id.*

Willis has not shown how the Act would be applicable to her. Count 29 charged her with distributing marijuana in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(D). She was neither charged with nor convicted of a crack cocaine offense under § 841(b)(1)(A) or § (b)(1)(B). To the extent her sentencing guidelines were higher than they would otherwise have been due to her distribution of crack cocaine, Willis has already received any available relief. Due to the change in the treatment of crack cocaine offenses, on December 10, 2012, Willis received a reduction in her sentence from 516 months to 505 months. Doc. 316.

Given these facts, Willis is not eligible for consideration of a reduction under the terms of the Act, and her motion for relief should be denied.

**IV.    Conclusion**

Based on the foregoing, the United States respectfully requests that the Court deny

Defendant's motion.


Respectfully submitted this the 8th day of November, 2019.

LOUIS V. FRANKLIN SR.
UNITED STATES ATTORNEY

/s/ Brett J. Talley
BRETT J. TALLEY
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
(334) 223-7280
brett.talley@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BERNETTA LASHAY WILLIS, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06-cr-00071-MHT-SMD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2019, I electronically filed the foregoing response with the Clerk of the Court using the CM/ECF system and mailed, postage prepaid, a copy of the same to the *pro se* Petitioner as follows:

> Bernetta Lashay Willis
> Reg. No. 11880-002
> Aliceville, Federal Correctional Institution
> Inmate Mail/Parcels
> P. O. Box 4000
> Aliceville, AL 35442

Respectfully submitted,

LOUIS V. FRANKLIN SR.
UNITED STATES ATTORNEY

/s/ Brett J. Talley
BRETT J. TALLEY
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
(334) 223-7280
brett.talley@usdoj.gov

5