IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 2:06-cr-00071-MHT-SMD |
| | ) | |
| BERNETTA WILLIS | ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

At the March 19, 2021 hearing on Ms. Willis' motion for compassionate release, this Court asked the parties, among other questions: (1) Should this Court hold its decision on this matter in abeyance, pending the Eleventh Circuit's resolution of *United States v. Thomas Bryant*, Case No. 19-14267, which was argued before that Court on November 17, 2020, and (2) Have other courts granted compassionate release on the ground of the egregious sentences imposed as a result of multiple convictions under 18 U.S.C. § 924(c)? This pleading provides Ms. Willis' response to those questions.

(1) While the Eleventh Circuit has not yet ruled on *Bryant*, all circuits that have addressed the issue of the parameters of a court's discretion in post-First Step Act requests for compassionate release have held that courts are not limited solely to the bases approved by the Bureau of Prisons for compassionate release or by U.S.S.G. § 1B1.13 and its commentary.

The Second, Sixth, Seventh, Fourth and, this week, Tenth Circuits have each held that a district court's authority to grant a defendant's motion for compassionate release is not limited by the parameters of U.S.S.G. § 1B1.13. See *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020) ("if a compassionate release motion is not brought by the BOP Director, Guideline § 1B1.13 does not, by its own terms, apply to it. Because Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain

1

district courts' discretion to consider whether any reasons are extraordinary and compelling."); *United States v. Jones*, 980 F.3d 1098, 1109-1111 (6th Cir. 2020) (and see n. 19: "severability is not at issue. But. . . .we would sever § 1B1.13's commentary in a manner that would grant district courts a catch-all provision. This is essentially [the] same result as our holding that § 1B1.13 is not 'applicable' when incarcerated persons file motions for compassionate release."); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("Section 1B1.13 addresses motions and determinations of the Director, not motions by prisoners. In other words, the Sentencing Commission has not yet issued a policy statement 'applicable' to Gunn's request. And because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement. 'Consistent with' differs from 'authorized by.'"); *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) ("we agree with the Second Circuit and the emerging consensus in the district courts: There is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered ... to consider *any* extraordinary and compelling reason for release that a defendant might raise.'"); *United States v. McGee*, No. 20-5047, ___ F.3d ___, 2021 WL 1168980, *12 (10th Cir. Mar. 29, 2021) ("We conclude instead, as have the Second, Fourth, Sixth, and Seventh Circuits, that the Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants.").

(2) As shown below, twenty-seven district courts – including three from within the Eleventh Circuit -- have granted compassionate release in over forty cases, on the basis, wholly

or in part, of the egregious sentences imposed under the now-revised 18 U.S.C. § 924(c).[1]  The basis for the reduction has varied:  (a) some courts have relied on the excessively lengthy § 924(c) sentences alone; (b) some courts have relied on the excessive sentences in combination with other factors; (c) some courts have considered the excess sentence and resulting disparity from post-First Step Act sentences to constitute a §3553(a) factor supporting release, once grounds for compassionate release have been shown; (d) at least one court has considered the lengthy § 924(c) sentences to fit within the nine factors identified in the Bureau of Prisons' January 2019 Program Statement for granting compassionate release.

    A.   Lengthy stacked § 924(c) sentences alone support release.

The following district court opinions found that sentencing under stacked §924(c) sentences *alone* constituted an extraordinary and compelling ground for compassionate release, and reduced sentences as noted:

*Gaines v. United States*, No. 2:03-cr-00496 (W.D. Wash. Dec 23, 2020) (memorandum and order, reducing sentence of 182 years to twenty years).  After a six day trial, Ivy Gaines was found guilty of eight armed robberies and convicted of eighteen counts, including eight charges under 18 U.S.C. § 924(c).  He received a total sentence of 182 years.  The court found that this ground supported compassionate release.  At a separate sentencing hearing, the court considered his age (56 years), that he had served over 17 years in custody (equivalent to 19.5 years minus good time); that he had a minimal disciplinary record; and that he had served as a mentor to numerous other prisoners. The court reduced his sentence to twenty years, essentially

---

[1] *But see, e.g., United States v. Stevenson*, No.108-061, 2021 WL 1032299, *1 n. 1 (S.D. Ga. Mar. 17, 2021) (collecting cases); *United States v. Abston*, No. 11-238, 2021 WL 1031963, *3 (S.D. Ala. Mar. 16, 2021); *United States v. Carroll*, No.3:18-cr-112. 2-21 WL 807483, *2 (N.D. Ala. Mar. 3, 2021) (collecting contrary cases within this circuit); *United States v. Aruda*, 472 F.Supp.3d 847, 844 (D. Haw. 2020); *United States v. Lynn*, No. 89-00072, 2019 WL 3805349, *2-4 (S.D. Ala. 2019).

time-served.   See Docs. 35, 94, 145, 150.

*Lyle v. United States*, No. 4:02-cr-616, 2020 WL 7247780 (S.D. Tex. Dec. 9, 2020) (reducing sentence of 1,141 months to 493 months), appeal docketed, No. 21-200005 (5th Cir. Jan. 4, 2021). The district court reviewed the legislative history of the First Step Act and concluded "it is clear that Congress' overall intent was to reduce certain mandatory minimums and within the confines of those amendments leave their application to the discretion of the courts." *Id.* at 5.   The court found "the discrepancy of comparative sentences of 1,141 months vs. 491 months (95 years vs. 41 years) to be an extraordinary and compelling reason for granting relief, given that these sentences apply to the same crimes committed in the same manner."  *Id.* at 7.

*Curtis v. United States*, No. 01-cr-03, 2020 WL 6484185 (N.D. Okla. Nov. 4. 2020) (order granting motion, reducing sentence of 2,271 months, for eight Hobbs Act robberies and related § 924(c) convictions, to time served). The court found that the 2016 denial by the Bureau of Prisons, of the court's own request that it file a motion for compassionate relief on Mr. Andre Curtis' behalf, satisfied the First Step Act's exhaustion requirement for a motion for compassionate relief.   The court found the stacked § 924(c) sentences alone provide an extraordinary and compelling reason to grant the motion, and reduced the sentence to time served plus 14 days.

*Pham v. United States*, No. 99-10110, 2020 WL 4735266 (D. Kan. Aug. 14, 2020) (memorandum and order reducing 1,076 months sentence, for multiple robberies and related firearms convictions, to 404 months).   The court noted "[t]he conclusion that district courts are not constrained by the BOP's definition of 'extraordinary and compelling circumstances' reflects the growing consensus of courts across the country." *Id*. at 1, citation omitted.

*Stewart v. United States*, 98-40097, 2020 WL 4260637 (D. Kan. July 24, 2020) (judgment and order reducing 378 months sentence, for six robbery convictions and two § 924(c) violations, to time served). The court held that the "gross sentencing disparity of 15 years created by the stacking of § 924(c) convictions at the time of sentencing and by [the First Step Act's] subsequent elimination of stacking as a 'sentencing clarification' and the fact of Mr. Stewart having already served more than five of those additional fifteen years together constitute a permissible 'extraordinary and compelling' reason warranting consideration of compassionate release." *Id*. at 5. The court considered Mr. Stewart's asthma and the dangers of "institutional exposure" to COVID-19 and found that, while they qualified as "extraordinary and compelling reasons," they did not "warrant early release on their own." *Id*.

*Quinn v. United States*, 467 F.Supp. 3d 824 (N.D. Cal. June 17,2020) (order reducing sentence of 562 months, for two armed bank robberies and two § 924(c) convictions, to time served). ". . . [T]his decision turns on the enormous sentencing disparity created by subsequent changes to federal sentencing law which constitutes an 'extraordinary and compelling reason' for Quinn's compassionate release." *Id*. at 829.

*Lott v. United States*, No. 3:95-cr-00072, 2020 WL 3058093 (S.D. Cal. June 8, 2020) (order reducing sentence of 423 months, for two armed robberies and two § 924(c) convictions, to 375 months). "The Court finds that effect of the 240 months mandatory sentence on Count 4 presents an extraordinary and compelling reason for determining whether the factors in 18 U.S.C. § 3553(a) support a reduction in Defendant's sentence under § 3582(c)(1)(A). Having determined that the First Step changes to the § 924(c) may present an "extraordinary and compelling" reason for a sentence reduction in this case, Defendant must demonstrate that the factors in 18 U.S.C. § 3553(a) support a reduction in his sentence." *Id*. at 3.

*Arey v. United States*, 461 F.Supp. 3d 343 (W.D. Va. May 13, 2020) (memorandum opinion, reducing sentence of 895 months, for multiple drug offenses and three § 924(c) convictions, to 390 months). The district court found that the COVID-19 pandemic did not by itself constitute a reason for compassionate release, but "the court finds that Arey's continued incarceration under a sentencing scheme that has since been substantially amended is a permissible 'extraordinary and compelling' reason to consider a reduction in Arey's sentence." *Id*. at 350-351.

*Scott v. United States*, No. 95-202, 2020 WL 2467425 (D. Md. May 13, 2020) (reducing sentence of over 600 months, for several armed bank robberies and three convictions of § 924(c) violations, to time served). "The fact that Scott, if sentenced today for the same conduct, would likely receive a dramatically lower sentence than the one he is currently serving, constitutes an "extraordinary and compelling" reason justifying potential sentence reduction under § 3582(c)(1)(A)(i)." *Id.* at 3.[2]

*Bryant v. United States*, No. 95-202, 2020 WL 2085471 (D. Md. April 30, 2020) (memorandum reducing sentence of 637 months, for several armed bank robberies and three convictions of § 924(c) violations, to time served.) ". . . pursuant to its independent discretion, the court finds that Bryant's continued incarceration under a sentencing scheme that has since been substantially amended is a permissible 'extraordinary and compelling' reason to consider him for compassionate release." *Id.* at 3.

---

[2] Mr. Scott was a codefendant of Kittrell Decator and Keith Bryant, each of whom also received compassionate release reductions in their sentences, as described *infra*.

*Haynes v. United States*, 456 F.Supp. 3d 496 (E.D. N.Y. April 22, 2020) (memorandum and opinion reducing 558 months sentence, for first-offender convicted at trial of four armed bank robberies and three § 924(c) convictions, to time served):

> The Court readily concludes, on the facts as detailed above—including the brutal impact of Haynes's original sentence, its drastic severity as compared to codefendant Rivers's ten-year term, its harshness as compared to the sentences imposed on similar and even more severe criminal conduct today, and the extent to which that brutal sentence was a penalty for Haynes's exercise of his constitutional right to trial—that the FSA' elimination of the § 924(c) sentencing weaponry that prosecutors employed to require that sentence is an extraordinary and compelling circumstance warranting relief under § 3582(c).

456 F.Supp. 3d at 514.

*Decator v. United States*, No. 95-202, 452 F.Supp.3d 320 (D. Md. Apr.6, 2020) (memorandum and order reducing 633 months sentence, for three §924(c) convictions and related attempted and successful bank robberies, to time served). The court found that the stacked § 924(c) sentences alone provided an extraordinary and compelling reason to grant the motion: "Accordingly, pursuant to its independent discretion, the court finds that Decatur's continued incarceration under a sentencing scheme that has since been substantially amended is a permissible 'extraordinary and compelling' reason to consider him for compassionate release." 452 F.Supp. 3d at 325.[3]

*Redd. v. United States*, 444 F.Supp. 3d 717 (E.D. Va. March 16, 2020) (memorandum opinion granting reduction from 603 months sentence for multiple armed bank robberies and multiple § 924(c) convictions, to 243 months). The court found the "gross disparity between the sentence Mr. Redd received and the sentence he would have received after the First Step Act," as

---

[3] The district court denied the government's motion to stay these orders pending the government's appeal. *Decator v. United States*, No. 95-202, 2020 WL 3868993 (July 9, 2020). On December 2, 2020, the Fourth Circuit affirmed the district courts' orders granting relief to Messrs. Decator, Bryant, Scott and Thomas McCoy. *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020).

a result of "Congress' conclusion that sentences like Mr. Redd's are unfair and unnecessary" and the "legislative declaration of what level of punishment is adequate" were "extraordinary and compelling developments that constitute extraordinary and compelling reasons that warrant a reduction" to the sentence. *Id*. at 723-724.

*Urkevich v. United States*, No. 8:03-cr-37, 2019 WL 6037391 (D. Neb. Nov. 14, 2019) (memorandum and order, reducing sentence of 848 months, for drug distribution and three § 924(c) violations, to 368 months). "This Court infers that the Commission would apply the same criteria, including the catch-all provision of Application Note 1(D), in the wake of the First Step Act's amendment to § 3582(c)(1)(A), and that this Court may use Application Note 1(D) as a basis for finding extraordinary and compelling reasons to reduce a sentence. Accordingly, this Court's contemplation of a reduction in Urkevich's sentences on Counts III and V is consistent with the Commission's policy statements." *Id*. at 3. "A reduction in his sentence is warranted by extraordinary and compelling reasons, specifically the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crimes committed." *Id*. at 4.

  B. Stacked § 924(c) sentences in combination with other factors support release.

The following district court opinions found that sentencing under stacked § 924(c) sentences, in combination with other factors, constituted an extraordinary and compelling ground for compassionate release and reduced sentences as noted:

*Moore v. United States*, No. 5:93-cr-137, 2021 WL 842549, (N.D. Ala. Mar. 5, 2021) (memorandum and order, reducing 39.6 year sentence to time served). At the time of his second motion for compassionate release, Mr. Moore had served over 25 years of his sentence for two car-jackings and related firearms counts. The court determined that "[c]onsidering the lack of binding precedent or clear direction from the Eleventh Circuit, this court turns to the

developing trend of jurisprudence in other Circuits" and concluded, as had those circuits, "the policy statement applies only to motions filed by the Director of the Bureau of Prisons and does not apply to Section 3582(c)(1)(A) motions filed directly by prisoners after the passage of the First Step Act." *Id*. at 3-4. The court granted the motion for compassionate release based on Mr. Moore's chronic asthma and related high risk of COVID-19, the severity of his original lengthy sentence and its resulting disparity from post-First Step Act sentences for similar defendants, and his remediation while in prison. *Id*. at 6-8.

(*Thomas*) *Meuse v. United States*, No. 1:94-10337 (D. Mass. Feb. 12, 2021) (memorandum and order, reducing 627-month sentence to time-served). After a fifty-two day trial in 1997 for multiple armed bank robberies, Thomas Meuse was convicted of ten counts, including two violations of 18 U.S.C. § 924(c). At the time of the filing, by counsel, of his motion for compassionate release, Mr. Meuse had served over 26 years and suffered from obesity (with a Body Mass Index of 38.1), prediabetes and gout. He had only five disciplinary offenses, a consistent BOP work history, and had participated in BOP programming. *See* Docs. 848, 923, 939.

*Nafkha v. United States*, No. 2:95-cr-00220, 2021 WL 83268 (D. Utah Jan.11, 2021) (memorandum and order, reducing 72.7 year sentence to time served). In 1995, at the age of twenty-three, Mr. Nafkha and four codefendants committed five armed bank robberies. At trial, Mr. Nafkha was convicted of eleven counts, including four violations of 18 U.S.C. § 924(c). His four co-defendants each pled guilty and received substantially lower sentences, with all of them having been released from custody by the time of Mr. Nafkha's motion.[4] The court found Mr. Nafkha's "young age at the time of sentencing, the incredible length of his sentence, and

---

[4] At the time of his motion, Mr. Nafkha was subject to an immigration detainer.

9

Congress's subsequent decision to amend § 924(c), considered together establish extraordinary and compelling reasons for his compassionate release." *Id*. at 4. The court noted that legislative history of the Sentencing Reform Act of 1984 included "cases in which other extraordinary and compelling circumstances justify a reduction of an unusually long sentence" as an example of when compassionate release might be justified. *Id.*, quoting S. Rep. No. 98-225, at 55–56 (1984).

*McCurry v. United States*, No. 6:08-cr-27, 2021 WL 71189 (M.D. Fla. Jan. 5, 2021) (amended memorandum and order, reducing sentence of 262 months plus thirty years to time served, on the basis of the severity of his multiple § 924(c) penalties, COVID-19, and his hypertension and history of heart problems).[5]

*Williams v. United States*, No. CR 94-398 (W.D. Wash. Jan. 4, 2021) (order, accepting parties' stipulation and reducing 1,114 month sentences, for multiple armed bank robberies in four federal jurisdictions, to time served, with placement in a residential reentry center until an opening occurs in another facility). Mr. Williams was 69 years old at the time of his motion and the parties agreed that multiple health problems, and that these issues plus his age provided "extraordinary and compelling reasons" to consider reduction of his sentence. The parties also stipulated "regarding the § 3553(a) analysis in the context of compassionate release, the Court should also consider that, if sentenced today, Williams' five § 924(c) convictions and sentences, when combined with a guideline range for his bank robberies and conspiracy convictions, would

---

[5] Mr. McCurry's original sentence –for multiple drug distribution and firearms counts -- had been life plus thirty years; the life sentence was reduced on February 18, 2020 to 262 months. The January 5, 2021 order amends a December 30, 2020 order by adding a release date of January 29, 2021. The orders appear otherwise identical, except that the December 30 order starts by saying the motion is granted, whereas the January order states the motion is denied without prejudice – but then goes on to grant the motion.

result in an advisory guideline range of 370 to 387 months." (Doc. 92 at 3).[6]

*Owen v. United States*, No. 2:03-cr-197, 2020 WL 7407872 (E.D. Va. Dec. 17, 2020) (memorandum and order, reducing sentence of 420 months to 228 months, time served).[7] Mr. Owen and six codefendants committed multiple armed robberies when Mr. Owen was 22 years old. Although Mr. Owen had no particular health problems, following the Fourth Circuit decision in *McCoy,* the district court found his relative youth at the time of the sentence, the extreme length of his sentence, and the disparity from similar cases after the First Step Act, in combination, provided extraordinary and compelling reasons to merit a sentence reduction.

*Hewlett v. United States*, No. 5:93-cr-137, 2020 WL 7343951 (N.D. Ala. Dec. 14, 2020) (memorandum and order, reducing 34 year sentence to time served). Mr. Hewlett was nineteen years old at the time of his convictions for two car-jackings and two §924(c) offenses at trial, had moderate to severe asthma, and had a history of hypertension and childhood neurological problems. The district court found that his health risks from COVID-19 and his extremely lengthy sentence supported a finding of extraordinary and compelling circumstances. The court adopted the reasoning of the first four circuits cited above and noted that the Eleventh Circuit had observed, in *United States v. Gist*, No.20-13481, 836 F. App'x 830, 831 (11th Cir. Dec. 8, 2020) (unpublished) "[t]he policy statements . . . found in U.S.S.G. § 1B1.13 . . . notably, has not been amended since the First Step Act was passed and refers only to a sentence reduction upon a motion from the BOP Director."

*[Reginald] Beasley v. United States*, No. 4:94-cr-127 (D. Minn. Dec. 2, 2020) and

*[Oliver] Beasley v. United States*, No. 4:94-cr-127 (D. Minn. Dec. 2, 2020) (memoranda

---

[6] This stipulation was entered in all four of Mr. Williams' federal cases: CR94-398, CR94-548, CR94-550 and CR94-604.

[7] Mr. Owen's original sentence had been 762 months but was reduced to 420 months in 2013.

11

and opinions, reducing sentences of 447 and 438 months to time served and holding that defendants' young age at the time of their armed bank robberies, the fact that they were the only two defendants from Minnesota still incarcerated due to a stacked § 924(c) sentences, and their rehabilitative efforts constituted extraordinary and compelling reasons warranting relief.)  *See* Docs. 462, 463.

*Curtis v. United States*, No. 5:92-cr-114 (E.D. N.C. Nov. 19, 2020) (order reducing sentence). Vaughn J. Curtis received sentences in two different jurisdictions for armed bank robberies, and was serving a total sentence of 398 months.   The Eastern District of North Carolina reduced its portion (297 months) to 141 months plus 14 days, resulting in a recalculation by the Bureau of Prisons in his total sentence and his release from BOP custody on December 2, 2020. The district court held that the change in § 924(c) sentences under the First Step Act plus the dangers posed by COVID-19 to incarcerated people constituted extraordinary and compelling reasons to warrant reducing his sentence.   (Doc. 136, www.bop.gov/inmateloc).

*Kimbrough v. United States*, No. 1:93-cr-14, 2020 WL 6391171 (N.D. Ga. Aug. 3, 2020) (order reducing 990 months sentence, for one unarmed robbery, four armed robberies, and related firearms counts, to time served plus 14 days, "[b]ased primarily upon Defendant's serious medical conditions, considered in combination with the increased risk his medical conditions pose given the coronavirus pandemic, his record of rehabilitation, and the fact that, if sentenced today for the same conduct, Defendant would be subject to a significantly lower mandatory term of imprisonment").  *Id*. at 7.

*Clausen v. United States*, No. 00-291, 2020 WL 4260795 (E.D. Pa. July 24, 2020) (order granting motion for compassionate release and scheduling sentencing hearing, where defendant received 213 year sentence for nine Hobbs Act armed robberies and related firearms counts, on

---

*Id.* at 1, n. 1.

the basis of the stacked § 924(c) sentences and Mr. Clausen's "remarkable record of rehabilitation"). *See Clausen v. United States*, No. 00-291, 2020 WL 4601247 (Aug. 10, 2020) (reducing sentence to time served).

*Bellamy v. United States*, 474 F. Supp. 3d 777 (E.D. Va. July 22, 2020) (memorandum and order reducing sentence, for robberies and §924(c) violations, from 430 months to time served plus ten days). Mr. Bellamy was a codefendant of Montra Owen and Thomas McCoy, whose stacked § 924(c) sentences were also found to be a basis for compassionate release and reduction in the sentences to time served. The court found that "in combination, [Mr. Bellamy] has established extraordinary and compelling reasons for a sentence reduction in the aggregate. Specifically, Petitioner's relative youth at the time of the sentence, the overall length of the sentence, the disparity between his sentence and those sentenced for similar crimes after the FIRST STEP Act, and his rehabilitative efforts form an extraordinary and compelling basis for relief." *Id*. at 786.

*Saenz v. United States*, No. 97-cr-2106 (S.D. Cal. July 9, 2020) (order granting motion for compassionate release and reducing sentence, for two armed bank robberies and two § 924(c) offenses, from 488 months to time served, on basis of age, health conditions, and danger posed by COVID-19 due to age and COPD, and the court agrees that "the disparity in sentencing after the amendment of 18 U.S.C. § 924(c) under the First Step Act constitutes an extraordinary and compelling reason for a sentence reduction"). Doc. 116 at 6-7.

*McClellan v. United States*, No. 1:92-cr-268, 2020WL 2933588 (N.D. Ohio June 3, 2020) (memorandum and order granting motion for compassionate release, reducing sentences for multiple drug offenses and related § 924(c) convictions, from 35 years to time served, on the basis of a combination of factors, including age, health, COVID-19, and "the disparity between

13

defendant's 'stacked' sentence and the one he would have received if sentenced after the passage of the First Step Act." *Id*. at 3.

*Littrell v. United States*, 461 F. Supp. 3d 899 (E.D. Mo. May 19, 2020) (memorandum and order reducing sentences, for drug distribution and related § 924(c) violations, from 480 months to time served). The court held that "the extraordinary and compelling circumstances resulting from the change in sentencing law" would justify a reduction to 240 months. However, because defendant had contracted COVID-19, the court reduced the sentence to time served. *Id*. at 906.

*Brown v. United States*, 457 F.Supp. 3d 691 (S.D. Iowa Apr. 29, 2020) (order reducing 510 months sentence, for distribution of methamphetamine and two § 924(c) convictions, to time served, after initial denial of motion for compassionate release). "More and more courts have found that exceptional rehabilitation; large sentencing disparities; and COVID-19's unprecedented dangers all constitute extraordinary and compelling reasons to grant compassionate release. When the Court denied Defendant's previous Motion, it noted much about his circumstances was 'extraordinary and compelling.' . . . . However, the Court suggested something more was needed. . . . A global pandemic that endangers all prisoners—and especially Defendant—suffices." *Id*. at 701, citing *Brown v. United States*, 411 F.Supp.3d 446, 452-454.

*Marks v. United States*, 455 F.Supp. 3d 17 (W.D. N.Y. Apr. 20, 2020) (decision and order reducing forty-year sentence, based on conviction at trial on seven counts of drug trafficking and multiple § 924(c) violations, to twenty years, on basis of the combination of changes to the stacking provisions of § 924(c) by the First Step Act, coupled with defendant's "extraordinary accomplishments" in rehabilitation). *Id*. at 25-26.

*McPherson v. United States*, 451 F.Supp. 3d 1049 (W.D. Wash. Apr. 14, 2020) (order granting motion for compassionate release, reducing sentence of 392 months, for armed bank robberies and two § 924(c) convictions, to time served, on the basis of his serious medical and physical conditions, rehabilitation, and the fact that he was "sentenced to over 32 years in prison for what is now probably a 17-year crime.")  "His sentence was 15 years beyond what is now deemed a fair penalty by our law, and he has already served 26 years of that now clearly unfair sentence.  It is extraordinary that a civilized society can allow this to happen to someone who, by all accounts, has long since learned his lesson."  *Id*. at 1053.

*United States v. Defendants [Yvette Ward]*, No. 2:99-257, 2020 WL 1864906, *5 (C.D. Cal. Apr. 13, 2020) (order after telephone hearing, reducing sentence from 877 months, for armed robberies committed by codefendants and four § 924(c) offenses, to time served, on the basis of rehabilitation and changes to § 924(c) in combination).

*Chan v. United States*, No. 96-cr-00094, 2020 WL 1527895 (N.D. Cal. Mar. 31, 2020) (order giving indicative ruling under F.R.Cr.P. 37, while denial of § 2255 motion was on appeal, stating that court would grant defendant's motion for compassionate release and reduce 904 months sentence imposed for multiple offenses including three § 924(c) violations). ("Accordingly, when the Court considers the record presented by Chan regarding his rehabilitation efforts in combination with the amendments to Section 924(c)'s stacking provisions, the Court concludes he has demonstrated extraordinary and compelling reasons to reduce his sentence on those two counts. If this case is remanded to the Court, it will set a further hearing to determine the appropriate reduction.")  *Id*. at 6.

*Owens v. United States*, No. 3:97-cr-2546 (S.D. Cal. Mar. 20, 2020) (order granting motion for compassionate release and reducing 397 months sentence, for four armed robberies

and two counts of § 924(c), to time served, "based on the changes in how § 924(c) sentences are calculated as a result of the First Step Act, combined with the evidence of Owens' rehabilitation."   Doc. 93 at 6.

*Young v. United States*, 458 F.Supp.3d 838 (M.D. Tenn. Mar. 4, 2020) (memorandum granting motion for compassionate release, on basis of change in statute, age, health and rehabilitation). "The court finds that the drastic change effected by the First Step Act's amendment of § 924(c) constitutes an extraordinary and compelling reason for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), at least when considered in conjunction with the other reasons discussed below."   *Id*. at 848. In this case, the government conceded that "because the Sentencing Commission's policy statement 'has not been amended to reflect that, under the First Step Act, a defendant may now move for compassionate release after exhausting administrative remedies,' the existing policy statement, while providing 'helpful guidance,' 'is not ultimately conclusive given the statutory change.'"   *Id*. at 841.   At a separate sentencing hearing, the court reduced the sentence of 1,107 months, for five armed robberies and related firearms charges, to time served. *United States v. Young*, No. 2:00-cr-00002, (May 1, 2020) (Doc. 109).

*Gaines v. United States*, No. 96-cr-10076, 2020 WL 869475 (D. Kan. Feb. 21, 2020) (reconsidering earlier denial of relief, granting motion for compassionate release, and reducing 351 months sentence, for two bank robberies, two § 924(c) violations, and two counts related to counterfeit currency, to 171 months).   "In the wake of the First Step Act, numerous courts have recognized the court can determine whether extraordinary and compelling reasons exist to modify a sentence — and may do so under the "catch all" provision similar to that recognized in U.S.S.G. Manual § 1B1.13 n.1(D), that is, 'an extraordinary and compelling reason other than, or

in combination with, the reasons described in subdivisions (A) through (C)' relating to prisoner health or family relations." *Id*. at 2. The court noted that the government did not contest the evidence of "rehabilitation progress and favorable behavior" or that additional imprisonment would provide deterrence or protect the public.

*Maumau v. United States*, No. 2:08-cr-758, 2020 WL 806121 (D. Utah Feb. 18, 2020), appeal docketed, No. 20-4056, (10th Cir. May 12, 2020) (order and memorandum granting motion for compassionate release, on the basis of age, length of sentence imposed, and "the fact that he would not receive the same sentence if the crime occurred today"). *Id*. at 5. At a separate sentencing hearing, the court reduced the sentence of 660 months, for Hobbs Act robbery, assaults and three § 924(c) violations, to time served. *Id.* (May 22, 2020) (Doc. 1769).

      C.   The disparity between pre and post – First Step Act sentences under §924(c) is a factor under 18 U.S.C. §3553(a) supporting release.

*Hester v. United States*, No. 4:03-cr-535 (N.D. Ala. July 27, 2020) (order granting motion for compassionate release and reducing 394 months sentence to time served, on basis of defendant's hypertension and diabetes and the danger posed by COVID-19). Mr. Hester received his sentences for convictions for drug distribution and two counts of § 924(c). The court considered the sentencing disparity between Mr. Hester's sentence and those sentenced for 924(c) violations after the First Step Act as one of the 18 U.S.C. §3553(a) factors supporting the reduction in his sentence. Doc. 175 at 6.

*Johnson v. United States*, No. H-96-176, 2020 WL 3618682 (S.D. Tex. July 2, 2020) (reducing sentence of 370 months for armed robberies to time served, on the basis of defendant's latent tuberculosis and the dangers posed by COVID-19). After finding that Mr. Johnson had presented extraordinary and compelling grounds for compassionate release, the court also found that reduction of the lengthy § 924(c) sentences " is consistent with the [§3553(a)] goal of

17

avoiding sentencing disparities between co-defendants." *Id*. at 3.

> D. BOP Program Statement 5050.50 permits consideration of lengthy 924(c) sentences as a factor supporting compassionate release.

*Adeyemi v. United States*, 470 F.Supp.3d 489 (E.D. Pa. July 6, 2020) (memorandum and order finding that the nine factors listed in the Bureau of Prison's Program Statement on compassionate release, BOP 5050.50, supported reducing the sentence from 385 months to time served, for defendant who had been the get-away-driver in two armed Hobbs Act robberies). The court held that neither the defendant's asthma nor his stacked §924(c) sentences alone constituted extraordinary and compelling reasons for compassionate release. But the court held that it complied with Note 1(d) to U.S.S.G. §1B1.13 by referring to BOP 5050.50 and that this Program Statement permitted consideration of the lengthy sentences:

> We are thus left with analyzing whether Mr. Adeyemi has shown "other" reasons under Note 1(D) "as determined by the Director of the Bureau of Prisons." The United States is correct as to our inability to predict how the Sentencing Commission will eventually address this term consistent with the sentencing law after the First Step Act. As we found above, we are no longer bound to the Bureau of Prisons' decisions. But consistent with sentencing policy <u>as of today</u>, we may consider the factors the Bureau of Prisons employs when evaluating requests for compassionate release under the Sentencing Commission's section 1B1.13 Note 1(D).
>
> Under the Sentencing Commission's policy statement section 1B1.13 Note 1(D), the Commission envisioned "other" circumstances warranting release outside of health, age, and family reasons. In January 2019 after the passage of the First Step Act, the Bureau of Prisons issued Program Statement 5050.50 to expand on the enumerated reasons for release, but it also listed "other" factors the Bureau of Prisons should consider in determining whether extraordinary and compelling reasons exist. Though the Program Statement does not explicitly describe these factors as corresponding to Note 1(D), we agree with the reasoning of the Court of Appeals for the Tenth Circuit holding the factors determine whether "other" extraordinary and compelling factors warranting release exist. These 2019 factors are unchanged from the Bureau of Prisons' March 2015 program statement.

470 F.Supp.3d at 525 (footnotes omitted, emphasis in the original) (referring to *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. Mar. 26, 2020) (unpublished). The

court held that Mr. Adeyemi met all nine of the factors cited in BOP 5050.50 and that his stacked § 924(c) sentences fit into the "length of sentence and amount of time served" factor. *Id*. at 528.

Respectfully submitted,

**/s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Federal Defenders
Middle District of Alabama
817 South Court Street
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

**/s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Federal Defenders
Middle District of Alabama
817 South Court Street
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org