**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:06cr71-MHT** |
| | ) | **(WO)** |
| **BERNETTA LASHAY WILLIS** | ) | |

**ORDER**

Defendant Bernetta Lashay Willis has moved the court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). Under that provision, the court may "reduce ...[a] term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in ... [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction," "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and that certain other requirements are met. 18 U.S.C. § 3582(c)(1)(A)(i).

Based on the representations made on the record on December 5, 2022, there is a strong possibility that the court will resentence Willis, and the court requires additional information beyond that available in the presentence investigation report to determine the sentence that should be imposed in this case. In such circumstances, 18 U.S.C. § 3552(b) permits a sentencing court to order a "study of the defendant" by a qualified consultant addressing matters specified by the court that are "pertinent to the factors set forth in section 3553(a)," which in turn describes the factors to be considered in imposing a sentence. 18 U.S.C. § 3552(b); *see also* 18 U.S.C. § 3553(a).

In this case, the court requires additional information about Willis's medical condition to address several of the § 3553(a) factors. These factors include "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed ... to provide the defendant with

2

needed ... medical care ... in the most effective manner," § 3553(a)(2)(D); and "any pertinent policy statement ... issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code," § 3553(a)(5).  The pertinent policy statements issued pursuant to § 994(a)(2) include the statement covering "the sentence modification provisions set forth in section[] ... 3582(c) of title 18"--that is, the policy statement on requests for compassionate release under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(a)(2).

That U.S. Sentencing Guidelines policy statement, § 1B1.13, allows for sentence reductions under 18 U.S.C. § 3582(c)(1)(A) only when "[e]xtraordinary and compelling reasons warrant the reduction."  U.S. Sentencing Guidelines ("U.S.S.G."), § 1B1.13 (U.S. Sent'g Comm. 2021).  Application Note 1(A) to § 1B1.13 defines the circumstances in which a defendant's

3

medical condition constitutes "extraordinary and compelling reasons" as including when

> "[t]he defendant is--
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

Here, the court seeks additional information on d Willis's medical conditions and whether Willis is suffering from a "serious physical or medical condition ... that substantially diminishes ... [her] ability ... to provide self-care within the environment of a correctional facility and from which ... she is not expected to recover." *Id*. Accordingly, the court will

4

order that an evaluation of her medical condition be conducted by Dr. Bernard Ashby, M.D., M.P.P., R.P.V.I, F.A.C.C., an expert agreed upon by both parties. The evaluation will take place remotely.

***

Accordingly, pursuant to 18 U.S.C. § 3552(b) and (c), it is ORDERED that:

(1) A medical evaluation of defendant Bernetta Lashay Willis shall be conducted by Dr. Bernard Ashby remotely. He shall examine defendant Willis's medical records and one or more affidavits from her treating physicians. His evaluation shall ascertain defendant Willis's medical history and condition and shall address whether defendant Willis is suffering from a serious physical or medical condition that substantially diminishes her ability to provide self-care within the environment of a correctional facility and from which she is not expected to recover.

  (2) Government and defense counsel shall jointly provide to Dr. Ashby the affidavits, all relevant medical records, and any other relevant records.

  (3) Dr. Ashby shall provide a report of the evaluation upon completion to counsel for the parties and to the U.S. Probation Office for filing with the court under seal.  The court will set a deadline for Dr. Ashby to complete the report in a separate order in the near future.

  (4) Upon completion of the evaluation, Dr. Ashby shall submit his bill to the U.S. Probation Office for processing.

  DONE, this the 14th day of December, 2022.

          <u>/s/ Myron H. Thompson</u>
          **UNITED STATES DISTRICT JUDGE**