IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:06cr71-MHT |
| | ) | (WO) |
| BERNETTA LASHAY WILLIS | ) | |

OPINION AND ORDER

This matter is before the court on defendant Bernetta Lashay Willis's emergency motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The court has reviewed the record and the government's response. The parties agree that the Willis should be released with a sentence of time served, to be followed by a term in a federal halfway house while on supervised release. The court has conducted its own independent evaluation and agrees with the parties that Willis's particular medical conditions and the Bureau of Prisons's unsuccessful attempts to treat her medical conditions surgically present extraordinary and compelling circumstances that

warrant compassionate release. Willis's emergency motion will be granted.

## I. BACKGROUND

Former United States District Judge Mark E. Fuller sentenced Willis to 495 months' incarceration for the following offenses: (1) conspiracy to commit FEMA fraud, in violation of 18 U.S.C. § 371; (2) 13 counts of theft of government property, in violation of 18 U.S.C. § 641; (3) one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); (4) two counts of filing false claims with FEMA, in violation of 18 U.S.C. § 287; (5) one count of threatening a witness in an official proceeding, in violation of 18 U.S.C. § 1512(a)(2)(A); (6) one count of using a gun during a crime of violence, that crime being threatening a witness in an official proceeding by brandishing a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(i); (7) one count of distributing marijuana, in violation of 21 U.S.C. § 841; (8) one count of possessing a firearm in relation to

2

distribution of a controlled substance, in violation of 18 U.S.C. § 924(c)(1)(C)(i); and (9) one count of making false statements to Deputy United States Marshals, in violation of 18 U.S.C. § 1001(a)(2). *See* Judgment (Doc. 286). Thirty-four years of her sentence were attributable to mandatory-consecutive sentences of seven years and 25 years for two violations of § 924(c). Willis's projected release date is March 19, 2043. She is currently incarcerated at Aliceville Federal Correctional Institution in Aliceville, Alabama.

According to Bureau of Prisons ("BOP") medical records, which the parties do not dispute, Willis has a diagnostic history of coronary artery disease with cardiac stent placement, peripheral vascular disease, hypertension, and thrombosis (blood clots). BOP Medical Records (Doc. 474-1). In September 2022, the BOP transported her to a medical facility where she underwent three surgical attempts to open a blocked artery. *Id.* According to BOP medical records, all

3

three surgical attempts "failed" to open her blocked artery. *Id.*

On October 18, 2022, Willis filed an emergency motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), as amended by Section 603 of the First Step Act. She asserts that she meets the Sentencing Commission's policy directive for compassionate release because the totality of her medical conditions "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines ("U.S.S.G.") § 1B1.13, comment n.1(A)(ii) (U.S. Sent'g Comm. 2021).

On December 14, 2022, the court appointed Dr. Bernard Ashby, MD, MPP, RPVI, FACC to serve as an independent medical expert to assess Willis and assist the court's determination as to whether she meets the criteria for compassionate release.

On February 8, 2023, Dr. Ashby filed his final

report with the court. Ashby confirmed that Willis suffers from serious medical conditions such as coronary artery disease, peripheral vascular disease, hypertension, and thrombosis. He opined that, based upon her multiple risk factors, she is at increased risk for a potentially fatal heart attack or stroke; that she is receiving a substandard quality of care within the BOP, and that this substandard care compounds the risk of her death or permanent disability. According to Dr. Ashby: "Patient Willis is not expected to recover from peripheral vascular disease, as indicated by repeated failed surgical interventions while in the Bureau of Prisons' custody." Ashby Report (Doc. 492) at 1. The report concludes: "The prison environment is incapable of providing the level of care necessary for this particularly complex and high-risk patient." *Id.* at 3. The parties informed the court that they had reviewed and had no objections to the report.

As explained in its response to Willis's emergency

motion, the government does not oppose Willis's compassionate release, stating that: Her "medical conditions are serious, chronic, and unlikely to resolve, either on their own or through medical intervention. Furthermore, the prison environment makes it difficult for Willis or BOP authorities to provide 'self-care' in the event Willis does have a sudden cardiac event. As the expert report indicates, the distance from the prison to an appropriate facility creates a danger should Willis require rapid treatment for a serious cardiac event. [] Combined with Willis's unique and exceedingly rare medical condition, the government is satisfied that a sentencing reduction is appropriate in this case." Gov't Response to Emergency Motion (Doc. 495) at 5-6.

In light of the government's response and the record, the parties agree and the court concludes that an evidentiary hearing is not necessary.

## II.   LEGAL FRAMEWORK

Willis seeks compassionate release pursuant to 18

6

U.S.C. § 3582(c)(1)(A), which authorizes a court to modify a term of imprisonment in certain enumerated circumstances. As relevant here, the court may "reduce ... [a] term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in ... [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction," "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and that certain other requirements are met. 18 U.S.C. § 3582(c)(1)(A)(i).

U.S. Guidelines policy statement § 1B1.13 allows for sentence reductions under 18 U.S.C. § 3582(c)(1)(A) only when "[e]xtraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13. Application Note 1(A) to section 1B1.13 defines the circumstances in which a defendant's medical condition

7

constitutes "extraordinary and compelling reasons" as including when

> "[t]he defendant is--
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

Prior to the First Step Act of 2018, Pub. L. No. 115-391, only upon motion of the BOP could a court consider releasing a defendant under 18 U.S.C. § 3582(c)(1)(A). Now, prisoners may file their own motions without the BOP's support, provided that they have either "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [their] behalf" or 30 days have lapsed "from

the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

### III.  DISCUSSION

**A. "Extraordinary and Compelling Reasons"**

Willis contends that she "meets the criteria for compassionate release under U.S.S.G. § 1B1.13, comment n.1(A)(ii) because she suffers from serious medical conditions, the totality of which substantially reduces her ability to provide self-care in prison, and from which she is not expected to recover.  The court may reduce Willis's sentence only if it finds that her medical conditions, necessary medical care, and prognosis create "extraordinary and compelling reasons" warranting her release.  18 U.S.C. § 3582(c)(1)(A).*

The court agrees with the parties that Willis meets the statutory and guideline criteria for compassionate

---

\* Because the government concedes that Willis has exhausted her administrative remedies, *see* Gov't Response to Emergency Motion (Doc. 495) at 3, the court turns straight to the merits of her motion.

9

release. As Dr. Ashby opined, in this particular case the correctional environment is ill-equipped to address the sudden onset of an emergency cardiac event for this particular defendant. Willis's medical conditions are serious and have been resistant to surgical treatment. According to BOP medical records, all three surgical attempts failed to open her blocked artery. Furthermore, she is incarcerated in Aliceville federal prison. The prison is approximately 50 miles from the nearest hospital that would be adequately equipped to render urgent care should she experience an emergency heart attack or stroke, for which Dr. Ashby opined she is at increased risk. Willis's medical diagnoses, when coupled with the distance from the prison to an appropriate facility, creates a particularized danger should she require rapid treatment for a serious cardiac event. The court finds the totality of these facts to be extraordinary and compelling.

## B. Section 3553(a) Factors

Title 18 U.S.C. § 3582(c)(1) requires that a court

10

consider the 18 U.S.C. § 3553(a) sentencing factors when deciding whether to grant a motion for compassionate release. A review of these factors supports Willis's release.

First, the history and characteristics of Willis support release. *See* 18 U.S.C. § 3553(a)(1). She suffered significant mental, physical, and emotional trauma beginning as a young child and leading up to her incarceration. She had two heart-bypass surgeries after she was stabbed prior to her incarceration. Her current cardiovascular conditions appear to be complications from her stabbing. BOP records indicate She has taken advantage of rehabilitative opportunities during her 15 years of incarceration. *See* BOP Progress Report (Doc. 474-4). She has completed multiple parenting, adult continuing education, release preparation, mental-health and reentry classes while incarcerated. *Id*. at 3. She has not received any serious disciplinary infractions. A June 2022 BOP progress report indicates she works as a prison

11

orderly. Prison staff report: "Inmate [Willis] has been encouraged to maintain a work detail, earning good reports throughout her term of incarceration. She is currently assigned to the Captain AW Orderlies work detail with no concerns noted." *Id*. The court finds these facts significantly mitigating.

Second, while Willis's offenses are serious and merited a serious sanction, she has been incarcerated since January 2008; thus, she has already received a serious sanction that reflects the nature and circumstances of the offense. *See* 18 U.S.C. § 3553(a)(1) and (2)(A). The length of the sentence she has already served affords adequate deterrence to criminal conduct, and her release at this time will not undermine that deterrence significantly, if at all. *See* 18 U.S.C. § 3553(a)(2)(B). Furthermore, "the need for the sentence imposed to ... provide the defendant with needed ... medical care ... in the most effective manner" weighs heavily in favor of release. 18 U.S.C. § 3553(a)(2)(D).

The court finds that, given Willis's medical condition, her rehabilitative efforts, and the support she will receive upon release, the need for the sentence to protect the public from further crimes of the defendant is minimal. *See* 18 U.S.C. § 3553(a)(2)(C). Upon release from prison, Willis will have substantial community support to help her access necessary medical care and comply with the conditions of supervised release. The court has received a support letter from Dr. Topeka Sam of Ladies of Hope Ministries ("LOHM") (Doc. 474-3), who also appeared at a recent hearing to confirm her intent to assist defendant Willis. Dr. Sam has represented to the court that LOHM will assist Willis's reentry and provide financial support as she transitions back into the community. In sum, on this record, the court is satisfied that the § 3553(a) factors weigh in favor of release.

## C. Other Guidelines Requirements

In addition to finding that extraordinary and compelling circumstances warrant release, Guidelines § 1B1.13 has two additional requirements for granting compassionate release. First, the court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and that a sentence reduction is consistent with the policy statement. 18 U.S.C. § 3142(g) requires courts to consider, among other factors, the nature and circumstances of the offense, including whether the defendant's offense was a crime of violence or involved a firearm, the history and characteristics of the defendant, and the nature and seriousness of the danger to the community that would be posed by the defendant's release. The court has considered these factors and finds that, given her medical condition, her rehabilitative efforts, and the support she will receive upon release, Willis is not a danger to the

14

safety of the community or any individual. Furthermore, the court finds that release is consistent with the policy statement in § 1B1.13.

## IV. CONCLUSION

After considering all relevant factors and the Sentencing Commission's policy statement, the court finds that extraordinary and compelling reasons exist in Willis's case to reduce her sentence to time served. However, her release will not be without significant conditions to assure the court that she can and will access the care she needs, and that she does not revert to criminal activity. Therefore, the court will order that the first 12 months of Willis's supervised release shall be served in a halfway house, thought the court will revisit the issue in six months.

\* \* \*

Accordingly, it is ORDERED that:

(1) Defendant Bernetta Lashay Willis's emergency motion for compassionate release (Doc. 474) is granted.

15

(2) Defendant Willis's sentence of incarceration is reduced to time served, effective immediately.

(3) As set forth in the judgment (Doc. 286), the period of supervised release is five years on counts 28ss and 30ss, and three years on all other counts, all to be served concurrently. The conditions of supervised release in the judgment are modified to the extent that defendant Willis shall serve the first 12 months of supervised release in a federal halfway house.

(4) As previously ordered (Doc. 497), the parties shall submit, by March 17, 2023, additional proposed modifications to the supervision conditions.

DONE, this the 6th day of March, 2023.

                                         /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**